THE STATE, EX REL. DICKERSON, *v.* RIKE ET AL., BOARD OF COMMISSIONERS OF MIAMI COUNTY.

(No. 571—Decided November 30, 1960.)

*Messrs. Faust & Harrelson* and *Messrs. Shipman & Utrecht,* for relator.

*Mr. James H. De Weese,* prosecuting attorney, for respondents.

*Per Curiam.* This case is submitted on a general demurrer filed by respondents to relator's petition for a writ of mandamus which invokes the original jurisdiction of this court.

In his petition the relator alleges that he is one of the adult freeholders residing in what is designated as Westbrook Subdivision No. 5-A, consisting of 34.082 acres, bounded on the south by State Route No. 70, on the west by the right of way of New U. S. Route No. 25, on the north by the north corporation line of the city of Troy extended westerly, and on the east by the corporation line of the city of Troy; that the freeholders residing in such territory filed a petition with the members of the Board of County Commissioners of Miami County for annexation of said territory to the city of Troy; that the board adopted a resolution "in which they found that said petition contained all matters required, that the statements in said petition were true, that the plat was accurate, and that the limits of the territory were correctly described. That the petitioners were freeholders residing in said territory; and that notice has been given as required, but disallowed the petition for the reason that the limits of the territory to be annexed were unreasonably small, and that it was not right that the prayer of the petition be granted." Relator alleges further "that said petition complied with all provisions of the law on their part to be complied with, and the action of said defendants in disallowing said annexation was an arbitrary assumption of power on their part, contrary to the laws of the state of Ohio, and constituted an abuse of discretion." Relator alleges further that he has no other adequate remedy at law.

Respondents contend that the petition does not state facts showing that the respondents failed to perform an act which the law specially enjoins as a duty resulting from their office,

and that the petition when stripped of legal conclusions does not allege facts showing an abuse of discretion. The relator contends that Section 709.02, Revised Code, gives an unqualified right to a majority of the freeholders residing in the territory adjacent to a municipal corporation to have the territory annexed by complying with the provisions of the statute, that the commissioners have no discretion to exercise, and that there is nothing in the statutory law which authorizes the commisioners to deny the petition on the ground that the territory is unreasonably small or that it is not right that the annexation take place.

Section 709.02, Revised Code, provides as follows:

"The inhabitants residing on territory adjacent to a municipal corporation may, *at their option, cause such territory to be annexed thereto*, in the manner provided by Sections 709.03 to 709.11, inclusive, of the Revised Code. Application for such annexation shall be by petition, addressed to the Board of County Commissioners of the county in which the territory is located, signed by a majority of the adult freeholders residing in such territory. Such petition shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation, a full description of the territory, and shall be accompanied by an accurate map or plat of the territory sought to be annexed." (Emphasis ours.)

Section 709.03, Revised Code, provides:

"The petition required by Section 709.02 of the Revised Code shall be presented to the Board of County Commissioners at a regular session thereof, and when so presented the same proceedings shall be had *as far as applicable*, and the same duties in respect thereto shall be performed by the board and other officers as are required in case of an application to be organized into a village under Sections 707.01 to 707.30, inclusive, of the Revised Code. The final transcript of the board and the accompanying map or plat and petition shall be deposited with the auditor or clerk of the municipal corporation to which annexation is proposed to be made, who shall file such records in his office." (Emphasis ours.)

The duties of the Board of County Commissioners with respect to the organization of a village are set forth in Section 707.07, Revised Code, which provides as follows:

"After the hearing on a petition to incorporate, presented as required in Section 707.05 of the Revised Code, the Board of County Commissioners shall enter an order on its journal allowing the incorporation if it finds that:

"(A) The petition contains all the matters required;

"(B) The statements in the petition are true;

"(C) The name proposed is appropriate;

"(D) *The limits of the proposed municipal corporation are accurately described and are not unreasonably large or small;*

"(E) The map or plat is accurate;

"(F) The persons whose names are subscribed to the petition are electors residing in the territory;

"(G) Notice has been given as required;

"(H) There is the requisite population for the proposed municipal corporation;

"(I) *It is right that the prayer of the petition be granted.*" (Emphasis ours.)

It will be observed that in the organization of a village the board has a discretion to exercise in determining whether the territory to be organized is unreasonably large or small. The respondents contend that by reference the board is given the same discretion in the annexation of territory to a municipal corporation. Section 709.03, Revised Code, expressly provides that the provisions of Section 707.07, Revised Code, control the proceedings before the board "as far as applicable." We come now to determine whether paragraphs (D) and (I) of Section 707.07, Revised Code, on which the resolution of the board rests, are applicable. Respondents cite the case of *State, ex rel. Loofbourrow, Solicitor,* v. *Board of County Commrs. of Franklin County,* 167 Ohio St., 156, as authority supporting their contention. In that case the board made a finding similar to the finding by the board in the case at bar. The court held that the board could exercise a discretion in determining whether the territory proposed to be annexed was unreasonably large, and whether it was right that the petition be granted. We must look at the facts in that case. In the cited case the annexation proceedings were initiated by the village; later an election was held which resulted in a vote in the territory favorable to annexation by more than a majority of the resident freeholders.

The question presented was whether in view of a favorable vote by the resident freeholders the board still had a discretion to exercise, or whether the vote constituted a mandate to the board to act to effectuate the annexation. The court held that notwithstanding a favorable vote by the freeholders, the board had a discretion to exercise.

Whether the resident freeholders of the territory proposed to be annexed signified their approval by a vote or by signing a petition for annexation makes no appreciable difference. We do not feel the different state of facts calls for a different legal conclusion.

Section 709.02, Revised Code, does not confer an absolute right on the freeholders to cause the territory to be annexed. Later the municipal corporation has a right to accept or reject the annexation. Section 709.04, Revised Code.

The authority conferred on the board under Section 707.07, Revised Code, is a further limitation on the right of the freeholders and in furtherance of a sound public policy that some safeguard should be provided in such matters.

In our opinion the discretionary power given to the board under Section 707.07, (D) and (I), Revised Code, has application to a proceeding for annexation where the petition for annexation is subscribed by all the resident freeholders of the territory proposed to be annexed, under Section 709.02, Revised Code.

While mandamus will lie to test the question of an abuse of discretion, the petition must allege facts which, if proved, would tend to show an abuse of discretion. In our opinion the petition in this case is strikingly similar to the petition in the *Loofbourrow case*, in that it fails to allege facts indicating any abuse of discretion or any bad faith upon the part of the commissioners. In the cited case, the court held that the petition was deficient and sustained a demurrer. See the opinion in the *Loofbourrow case*, at page 163.

*Demurrer sustained.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.