Eaton et al., Appellees, *v.* Bd. of County Commrs. of Summit County, Appellant.

(No. 7476—Decided October 30, 1974.)

*Mr. Joseph G. Miller* and *Mr. William E. Howard,* for appellees.

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. William E. Schultz,* for appellant.

Mahoney, J. The petitioners, appellees herein, are all of the seven owners of over 115 acres of land in Bath Township, contiguous to the village of Fairlawn, to which they seek annexation. Their petition was denied by the Board of County Commissioners of Summit County. The Court of Common Pleas of Summit County found that the denial was "* * * arbitrary and unreasonable, and is not supported by the preponderance of reliable and probative evidence * * *." The court reversed the decision of the Board and ordered annexation.

From that judgment, the Board of County Commissioners has lodged an appeal in this court, and asserts the following assignments of error:

"1. The Common Pleas Court erred in finding and holding that the plaintiffs-appellees, petitioners for annexation, timely filed their appeal from the decision of the Board of County Commissioners to the Common Pleas Court.

"2. The Common Pleas Court erred in finding and holding that the decision of the Board of County Commissions denying annexation was arbitrary and unreasonable and not supported by the preponderace of reliable and probative evidence.

"3. Ohio Revised Code Section 709.033 is unconstitutional in that it prohibits a Board of County Commissioners from considering the good of territory other than that sought to be annexed in making its decision on allowing or denying annexation."

I.

In this appeal, the Board of County Commissioners has now raised the jurisdictional question for the first time in this case. This cause has already had one appeal, which the Supreme Court declined to certify and hear, on the question of this court's affirmance of the judgment of the trial court in striking the Bath Township trustees as parties to that first appeal. Now, the Board contends that the appeal was not properly filed because R. C. 2505.04 requires the notice of appeal to be filed with the lower tribunal. The Board claims that the petitioners had filed their notice of appeal with the Clerk of the Court of Common Pleas, and not with the Clerk of the Board of County Commissioners, and, therefore, they had not properly perfected their appeal.

The petitioners had also filed a praecipe for service upon the prosecuting attorney of Summit County, which was made within the time provided by law.

An examination of the original record, certified by the Commissioners to the Court, reveals that a copy of the notice was received by the Commissioners. Not only is the copy among the papers comprising the record, but the copy is also listed on the transcript of the original papers prepared by counsel for the Board of County Commission-

ers, and certified to by the Clerk of Courts. It seems obvious that the Board received the notice.

The question, however, remains as to when the notice was received, since a copy of it does not bear a time stamp or other marking as to the time of its receipt. The petitioners have attached, to their answer brief, an affidavit by one of their attorneys, who swears that he personally delivered the copy to the Clerk of the Board on the same day that he filed the notice in the Common Pleas Court.

The Board's reply brief does not contain any contra-affidavits or statements. While the affidavit was not part of the record, as certified to the Court of Appeals by the Clerk of Courts, we feel that it can properly be considered by the Court, where the question of jurisdiction is raised for the first time on appeal. We find that there was actual notice upon the Commissioners, filed within time, and this constitutes compliance within R. C. 2505.04. The purpose of the notice is to apprise the opposite party of the taking of the appeal, and that was accomplished within the time provided by law. *Richards* v. *Industrial Commission* (1955), 163 Ohio St. 439.

The first assignment of error is overruled.

## II.

The Board of County Commissioners of Summit County contends that the trial court erred in finding that the decision of the Board was "arbitrary and unreasonable and not supported by the preponderance of reliable and probative evidence."

The attorney for the Bath Township Trustees gave testimony that the fire service provided in the Village would be inferior to that of the Township, as would road maintenance. The county engineers indicated that the proposed boundary line, being along the center of Ghent Road, was not a desirable situation. Considerable testimony and opinion were had from non-residents of the territory sought to be annexed, who opposed the annexation as being not for the general good of the area outside the area sought to be annexed.

On the other hand, the proponents offered testimony

and affidavits from various experts, as well as the owners, that the general good of the territory would be benefited by annexation because it would mean the highest and best use development, with ready access to utilities and municipal services.

The Supreme Court of Ohio, in *Lariccia* v. *Board of Commrs.* (1974), 38 Ohio St. 2d 99, held at 102:

"Although the implications for the community to which the property in question would be annexed may well be of some consequence, the clear statement of the General Assembly in R. C. 709.033 cannot be ignored. That statute directs that the ultimate focus of annexation proceedings be on 'the general good of the territory sought to be annexed' and requires granting of the petition when it is shown that such benefit will result."

We believe that the same direction is true for the community from which it is detached, which actually was the situation in the *Lariccia* case.

We find that the state of the evidence is such that the trial court correctly determined that the decision of the Board of County Commissioners of Summit County to deny annexation was improper, as not having been supported by a preponderance of reliable and probative evidence, pursuant to R. C. 2506.04.

Accordingly, assignment of error number two is overruled.

### III.

The Board argues that R. C. 709.33 is unconstitutional, in that it deprives citizens outside of the territory to be annexed of their rights to the equal protection of the laws, and due process of law, in that the general good of the adjacent area is not considered in making the decision on annexation. However, the Board offers no supporting case law, nor any evidence relating to "who, what and how" the adjacent owners are denied their constitutional rights. The Board has failed to offer any evidence to overcome its burden on the issue and, therefore, assignment of error number three is overruled.

We find no error prejudicial to any substantial right

of the appellant. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.