TOWNSHIP OF JEFFERSON, et al., Plaintiffs,

v.

CITY OF WEST CARROLLTON, et al., Defendants.

No. C-3-81-283.

United States District Court, S. D. Ohio, W. D.

June 23, 1981.

Ray A. Cox, Dayton, Ohio, for plaintiffs.

Robert E. Albright, Richard C. Brahm, Columbus, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO DISMISS FOR REASON OF COURT'S LACK OF SUBJECT MATTER JURISDICTION AND FOR THE FURTHER REASON THAT COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; CASE DISMISSED; TERMINATION ENTRY

RICE, District Judge.

The Motion of the Defendants, seeking an Order of the Court, pursuant to Rule 12 of the Federal Rules of Civil Procedure, dismissing the captioned cause for the reason that the Court lacks jurisdiction of the subject matter and, further, for the reason that the Complaint fails to state a claim upon which relief can be granted, is, in this Court's opinion well taken and the Court does, therefore, sustain same in its entirety. The captioned cause is thus ordered dismissed with prejudice to a new action.

On May 20, 1981, the Ohio Supreme Court refused to direct the Montgomery County Court of Appeals to certify its record in a case in which the Appellate Court had affirmed the trial court's ruling upholding the decision of the Montgomery County Commissioners approving the annexation of 1595 acres, located in Jefferson and Miami Townships, to the City of West Carrollton, Ohio. The annexation proceeding was begun by means of the filing of a Petition for Annexation with the Board of County Commissioners of Montgomery County, Ohio, pursuant to Ohio Revised Code 709.02, containing, *inter alia* the signatures of a majority of the owners in the territory sought to be annexed. The annexation process was conducted in accordance with the dictates of Ohio Revised Code Sections 709.02 through 709.12.

On May 22, 1981, the Plaintiffs herein filed suit in this Court seeking, along with monetary damages, a declaration by the Court that the annexation statutes under which the annexation in question had proceeded (Ohio Revised Code Sections 709.02–709.12) are unconstitutional and invalid as violative of the United States Constitution as well as all of its Civil Rights statutes and, further, seeking an Order granting a permanent injunction enjoining the Defendants (among which are the annexing municipality) from accepting the annexed property.

On May 22, 1981, this Court having "taken jurisdiction to determine its jurisdiction" over this matter, granted the first of two temporary restraining orders enjoining the Defendants from accepting the annexed property. The last restraining order expired, by its terms, at the close of business on June 22, 1981. The annexation is to be voted upon and accepted by the City Council of West Carrollton, Ohio, at its regularly scheduled meeting on Tuesday evening, June 23, 1981.

At first blush, the Plaintiffs' argument seems very persuasive and alluring. After all, who among us, believing as we do in the American way of life, can argue with the alleged right of those citizens of a township, who are to be left behind after annexation, to have some input into or voice or vote upon the decision on annexation, or with the right of those persons to be compensated according to due process and to be given equal protection of the laws for the damage to the residue of their township, since a large part of the township's taxable valuation would be removed via annexation, without a corresponding reduction in future operating expenses, thus placing an increased tax burden upon all remaining township residents, in order to avoid an erosion of essential services due to a declining tax base.

However, this Court does not sit as a legislative body, free to interpose its own feelings on the wisdom or fairness of legislative procedures or court pronouncements. On the limited issue presented by this lawsuit—the constitutionality of the annexation procedures initiated by petition of the majority of property owners within the area sought to be annexed (the annexation procedures set forth in Ohio Revised Code Sections 709.02–709.12) as against a constitutional challenge on due process and equal protection grounds, the United States Su-

preme Court and the Sixth Circuit Court of Appeals have spoken in such a clear manner that this trial court can only conclude that the constitutionality of the legislation attacked herein is not in doubt.

 The seminal decision in this area is the United States Supreme Court decision in *Hunter v. City of Pittsburgh*, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907) which states, in pertinent part as follows:

> The state, therefore at its pleasure, may modify or withdraw all such powers, may take without compensation such property, hold itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done conditionally or unconditionally, with or without the consent of the citizens or even against their protest. *In all these respects, the state is supreme, and its legislative body, conforming its action to the State Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may, by such changes, suffer inconvenience and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, to the unaltered or continued exercise existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the State and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it.* 207 U.S. at 178, 179, 28 S.Ct. at 46, 47. (Emphasis added).

While somewhat dated in its pronouncements (i. e., "The Fifth Amendment to the Federal Constitution is not restrictive of state . . . . action), the *Hunter* case still reflects the viable principle of law that annexation matters fall entirely within the discretion and standards of the *state* constitution, since the state has sole control of its political subdivisions and may create, modify or destroy them as its own state constitution permits, which said actions may include, *inter alia*, the taking without compensation of property in an annexation proceeding and uniting said property with the land area of another political subdivision, with or without the consent of the citizens or even over their protests.[1]

The United States Court of Appeals for the Sixth Circuit had occasion to pass upon the viability of *Hunter* in two decisions rendered within weeks of each other in 1967. In *The Detroit Edison Company v. East China Township School District, No. 3*, 378 F.2d 225, *cert. denied*, 389 U.S. 932, 88 S.Ct. 296, 19 L.Ed.2d 284 (1967), the Court affirmed the district court's reliance upon *Hunter* for the proposition that "[A]ny alteration of municipal boundaries is a matter within the complete discretion of the state and not confined by any rights secured by the federal constitution", leading to the conclusion that the annexation procedure followed was a legislative matter not justiciable under the due process or equal protection clauses of the Fourteenth Amendment. The court pointed out that, as of that time, both the Fifth and Tenth Circuits had had occasion to pass on cases where the constitutionality of a state annexation procedure was raised and, in both cases, the

1. Ohio courts have upheld the constitutionality of the annexation procedures set forth in Ohio Revised Code Sections 709.02–709.12. *Trustees of Bazetta Township v. Warren*, 46 Ohio App.2d 147, 75 Ohio Op.2d 121, 349 N.E.2d 318 (Trumbull County Court of Appeals, 1975); *Eaton v. Board of County Commissioners*, 49 Ohio App.2d 24, 358 N.E.2d 1377 (Summit County Court of Appeals, 1974) (a somewhat less than exhaustive three and one-half line syllabus, devoid of case citation or legal analysis). Finally, in the Ohio Second District Court of Appeals opinion in the state court action in this case, said court specifically stated that "[T]hus Ohio annexation statutes are clearly constitutional, and further, they do not violate the due process provisions of . . . . the state . . . . constitution." Even were this Court to disagree with the Ohio court's treatment of the annexation procedures in question under the state constitution, it would be powerless to interpose its own feelings as to the constitutionality of Ohio legislation, in an Ohio constitutional sense, over a decision of the Ohio courts on that issue.

appellate courts relied upon *Hunter* in affirming dismissal of their respective cases. *Hammonds v. City of Corpus Christi*, 343 F.2d 162 (5th Cir.), *cert. denied*, 382 U.S. 837, 86 S.Ct. 85, 15 L.Ed.2d 80 (1965); *International Harvester Co. v. Kansas City*, 308 F.2d 35 (10th Cir. 1962), *cert. denied*, 371 U.S. 948, 83 S.Ct. 503, 9 L.Ed.2d 498 (1963). In *Deane Hill Country Club, Inc. v. City of Knoxville*, 379 F.2d 321 (6th Cir.), *cert. denied*, 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967), the Court upheld a trial court decision to the effect that *Hunter* precludes constitutional challenge under the Fourteenth Amendment from annexation by municipal corporations of adjoining territories on the basis of the procedure employed or authorized by the state, regardless of the pecuniary repercussions from taxation, etc.

 The Plaintiffs have called to this Court's attention certain cases which seemingly vitiate the *Hunter* rationale upon the theory that, where voting rights are involved in the annexation procedures, federal courts can assume jurisdiction to scrutinize state annexation statutes. *Hayward v. Clay*, 573 F.2d 187 (4th Cir. 1978); *Adams v. Colorado Springs*, 308 F.Supp. 1397 (D.Colo. 1970). *Hayward* recognizes that decisions subsequent to *Hunter* have shown that the exercise of a state's power over municipal corporations must conform to the Federal Constitution, at least where voting is concerned. Citing *Lockport v. Citizens for Community Action*, 430 U.S. 259, 97 S.Ct. 1047, 51 L.Ed.2d 313 (1977); *Gomillion v. Lightfoot*, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960). However, *this* case does *not* involve voting rights. The annexation of the territory in question was not instituted pursuant to the procedures of Revised Code Sections 709.14–709.21, whereby the legislative authority of a municipal corporation desiring to annex contiguous territory passes an ordinance authorizing such annexation (O.R.C. 709.14), which is then presented to the board of county commissioners (O.R.C. 709.15), which body then approves said ordinance (O.R.C. 709.-16), and which action is then subject to a vote by the electors of the unincorporated area of the township out of which territory

the annexation will be made. Rather, the annexation procedures followed in this case are pursuant to Ohio Revised Code Sections 709.02–709.12, which authorizes the initiation of annexation proceedings by the presentment to the county commissioners of a petition for annexation signed by a majority of the property owners in the area sought to be annexed. That Ohio provides two procedures by which annexation to a municipal corporation might be had is not violative of any Federal Constitutional doctrine. *Hayward, supra,* pointed out that the state in question need not have granted to anyone the right to vote on annexation, as there is simply no federal constitutional right to vote on annexation matters. However, as *Hayward* pointed out, once the right to vote is established, the equal protection clause requires that, in matters of general interest to the community, restriction of the franchise on grounds other than age, citizenship, and residence can be tolerated only upon proof that it furthers a compelling state interest, which simply was not shown in that case. In short, although a state need not grant the right to vote on annexation matters (as indeed Ohio has not under the annexation procedures followed herein), once it makes the choice to provide voting rights (as it is done in the annexation procedures set forth in Ohio Revised Code Sections 709.14, *et seq.*), the franchise cannot be granted or restricted on the basis of whether the prospective voter does or does not live in the territory to be annexed. *See also Detroit Edison Co. v. East China Township School District No. 3*, 378 F.2d at 229, in which the United States Court of Appeals for the Sixth Circuit approved the district court's determination that the reapportionment (voting rights cases) "create no constitutional rights in effected citizens concerning the procedure for creating or altering" any type of state district. Reference is made to District Judge Levin's analysis of the voting rights cases in the trial court decision, 247 F.Supp. 296 (D.C.Mich. 1967) at 300–302.

The Plaintiffs contend that there is no difference, in either a practical or a legal

sense, between giving the right to vote on annexation matters to township inhabitants on the one hand and the allowing of annexation procedures to be commenced by the submission to the county commissioners of a petition seeking annexation signed by a majority of the landowners in the effected area, as was done in the instant action, on the other hand. This Court cannot agree. Unlike a voting rights case where the vote or referendum is the final act triggering the acceptance or rejection of the annexation (see O.R.C. § 709.17 stating that if a majority of the voters approve annexation, proceedings shall begin within 90 days to complete same), the signing of a petition seeking annexation, under the procedures followed with reference to the subject property, is only a necessary condition precedent to bringing the issue to the county commission, which said body then makes the decision, after a full hearing, at which persons may appear to speak either in support of or in opposition to the issue (O.R.C. § 709.032) of whether the annexation should or should not be granted. In legal effect, the signing of the petition seeking annexation has no more effect on the ultimate decision of the county commission to allow an annexation, than does a grand jury indictment upon the ultimate decision of a petit jury to convict or to acquit a criminal defendant. In a constitutional sense, the Ohio law, which does not call for a vote among the residents of the township to be effected, would be just as constitutional if it took only the signature of one property owner in the area to be annexed to start the annexation procedure, as opposed to the signature of a majority of the owners.

Having disposed of the Plaintiffs' constitutional arguments, by concluding that the State of Ohio annexation statute does not offend any federal constitutional guarantees of due process or equal protection of the law, this Court concludes that the Plaintiffs have, likewise, failed to state a claim for relief under the Federal Civil Rights statutes, 28 U.S.C. Section 1343 and 42 U.S.C. Section 1983, which provide redress for the violation of rights protected by the Constitution of the United States.

Finally, based on this Court's decision and reasoning set forth above, it is not necessary to reach the Defendants' contention that the Plaintiffs' claims, as set forth in the Amended Complaint, are barred by the doctrine of res judicata/collateral estoppel. However, this Court would state, purely as an aside, that it appears that the Plaintiffs' constitutional and civil rights arguments are, in fact, barred by the above doctrines. It is axiomatic that a state court is competent to decide questions arising under the Federal Constitution. Moreover, federal courts do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts. *Deane Hill Country Club, Inc. v. City of Knoxville*, 379 F.2d 321 (6th Cir. 1967) at 325, and cases stated therein. With reference to the subject property, the Second District Court of Appeals has ruled that the annexation procedures in question offend neither the state nor the Federal Constitution. An attempt to appeal this decision to the state's highest court was denied. The state court procedures provided the opportunity to fully litigate both the constitutional and the civil rights arguments. The parties were the same in both lawsuits. It is axiomatic that a judgment upon the merits in one suit is res judicata in another (actually collaterally estops a given issue) where the parties and subject matter are the same, not only as respects matters actually presented to sustain or to defeat the right asserted, but also as respects any other matter which might have been presented to that end. *Grubb v. Public Utilities Commission*, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930).

WHEREFORE, based upon the aforesaid, this Court sustains the Defendants' Motion to Dismiss the captioned cause, for the reason that this Court lacks jurisdiction over the subject matter and, further, for the reason that the Complaint fails to state a claim upon which relief can be granted. Judgment is, accordingly, entered in favor of the Defendants and against the Plain-

tiffs herein. The captioned cause is ordered dismissed with prejudice to a new suit.

The captioned cause is ordered terminated upon the docket of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.