IN RE ANNEXATION OF TERRITORY IN OLMSTED TOWNSHIP TO CITY OF OLMSTED FALLS.

(No. 46923—Decided February 6, 1984.)

*Mr. Thomas P. Gill* and *Mr. Patrick Carroll,* for appellee Cuyahoga County Board of County Commissioners.

*Mr. Thomas M. Kennedy,* for appellee Olmsted Township Board of Trustees.

*Mr. Kenneth McLaughlin,* for appellee Independent Citizens Advisory Committee of Olmsted Township.

*Mr. William T. Boukalik* and *Mr. Michael J. Linden,* for appellants LaBelle Harbour, LaBelle Harbour II and Western Ohio Utility Co., Inc.

PARRINO, J. This case is before this court on appeal from the judgment of the Court of Common Pleas of Cuyahoga County whereby the decision of the

Board of County Commissioners, Cuyahoga County, denying the petition for annexation of appellants' land in Olmsted Township to Olmsted Falls was affirmed.

Petitioners, appellants herein, are the sole owners of the three parcels totalling approximately one hundred eighty acres sought to be annexed. The petition for annexation was filed with the board of county commissioners on November 7, 1980 pursuant to R.C. 709.03. The petition was set for hearing as required by law and the hearing was held February 23, 1981. At the hearing some technical errors concerning the legal description of the land were found. It was also found, however, that the map was accurate and the board granted leave to amend the legal description to correspond with the map.

At the hearing arguments were made by counsel and various individuals testified including residents of Olmsted Township who were adamantly opposed to the annexation. On June 15, 1981 the board, in a two-to-one decision, adopted a resolution denying the petition for annexation. Upon request of the petitioners the board filed findings of fact and conclusions of law wherein they stated:

"This Board further finds that it is undisputed from the record that the territory sought to be annexed constituted approximately 3% of the unincorporated area of Olmsted Township. This testimony was undisputed and testified to by both representatives of the petitioners and one of the Township Trustees.

"A majority of the members of this Board find that the percentage of the area sought to be annexed is unreasonably large.

"A majority of the members of this Board find that the record does not establish that annexation will serve the general good of the territory sought to be annexed for the reason that the grounds enunciated by the petitioners are speculative in nature in that the owners of the land seeking annexation do not presently know and have no way of knowing whether the City of Olmsted Falls will accept the territory sought to be annexed under all conditions in this case nor do the owners know whether or not their proposed use of the land in question for development will meet or will be approved by the various zoning agencies of the City of Olmsted Falls. A majority of the members of this Board therefore find that the arguments proposed by the petitioners relative to advancing the general good of the territory sought to be annexed are purely speculative in nature and fall short of establishing with certainty that the general good of the territory sought to be annexed will be enhanced by granting the annexation."

Petitioners timely appealed the board's decision to the court of common pleas. The case was submitted on briefs and the transmitted record of the proceedings before the board. Acting pursuant to R.C. 2506.04, the trial court affirmed the ruling of the board. In its entry titled "Affirmation," the trial court stated:

"The statutory guidelines under which the Board rendered its decision are not artfully drafted. Legislative attribution of the 'general good' to the 'territory sought to be annexed' is patently ambiguous. Moreover, Ohio Rev. Code § 709.03(D) [sic] fails to provide objective means for determining whether or not any given area is 'unreasonably large.'

"Nevertheless, the Court has reviewed the entire record in considerable detail and finds that the Board's ruling was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

On appeal to this court petitioners-appellants assign three errors for review:

"I. The trial court erred in affirming the decision of the board of county commissioners in finding that the general good of the territory annexed would not be served if the annexation petition was granted.

"II. The trial court erred in affirming the decision of the board of county commissioners in finding that the territory included in the annexation petition was unreasonably large.

"III. The trial court erred in finding that the board of county commissioners decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial reliable and probative evidence on the whole."

We find these assignments of error to be well-taken and accordingly reverse the decision of the trial court.

The statutes which govern annexation by petition of the land owners of the territory sought to be annexed restrict the board of county commissioners' discretion in ruling on said petitions. R.C. 709.033 reads, in pertinent part:

"After the hearing on a petition to annex, the board of county commissioners *shall enter an order upon its journal allowing the annexation if it finds that:*

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 [709.03.1] of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) *The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted.*" (Emphasis added.)

The question before this court is whether the trial court erred in finding that the decision of the board finding the area to be annexed unreasonably large and finding that petitioners failed to show that the general good of the territory sought to be annexed would be served by annexation is supported by the evidence.

The statute itself does not offer firm guidelines for determining what is "unreasonably large" nor what will serve the "general good" of the land sought to be annexed. There is case law, however, to guide our determination of this issue.

In *Lariccia* v. *Bd. of Commrs.* (1974), 38 Ohio St. 2d 99 [67 O.O.2d 97], the Ohio Supreme Court affirmed the appellate court decision ordering allowance of annexation to the city of Youngstown where the primary commercial reason for seeking annexation was that Youngstown permitted the sale of wine and beer which was prohibited by Boardman Township where the property was originally located. Appellant-petitioner in *Lariccia* presented evidence that in addition to making it possible for them to obtain a permit to sell alcoholic beverages, annexation would require reduced rates for sewer, water and fire insurance and would benefit the territory by police, fire and other governmental services. The testimony presented in opposition generally related to the effect the annexation would have on the remaining territory rather than the effect annexation would have on the property seeking annexation.

In the instant case, the position of petitioners-appellants is that annexation of their property in Olmsted Township to adjacent Olmsted Falls would permit

the development of their property which is hindered by the zoning laws of the township. Appellants owned the property in question for approximately ten years. Appellants wanted to use their property to build a residential development including single-family and multiple family dwellings. Under the existing zoning regulations only single-family homes on approximately one-acre lots could be built. Appellants testified, and no testimony was offered in opposition, that development of the land under such restrictions was not economically feasible. In short, appellants' evidence on this point was unrebutted.

The testimony submitted in opposition to the annexation consisted mainly of residents of Olmsted Township regarding their desire to keep the area relatively rural. No evidence was presented to show that development of the property was economically feasible nor that petitioners would be precluded from the development they sought if annexation were granted. It is our determination that appellants provided sufficient evidence to show that the "general good of the territory sought to be annexed" would be served by annexation. As stated by the Montgomery County Court of Appeals in In re Char (1978), 59 Ohio App. 2d 146, at 150 [13 O.O.3d 185]:

"Likewise in the case at bar, the personal benefit to the sole owners of the territory to be annexed is sufficient, though not necessarily alone, to qualify as general good of the territory under the statutory language and to require the mandated annexation."

Accordingly, we find that the trial court erred in affirming the board's decision that the general good of the territory sought to be annexed would not be served by annexation. The first assignment of error is sustained.

The issue of what constitutes an "unreasonably large" area of territory which is to be annexed is not numerically or geographically defined in the statute. None of the cases cited by the parties deals directly with this issue nor has our research located a case on this point. Although annexation of property in excess of one hundred acres was permitted in both Toledo Trust Co. v. Board (1977), 62 Ohio App. 2d 121 [16 O.O.3d 265], and Eaton v. Bd. of Commrs. (1974), 49 Ohio App. 2d 24 [3 O.O.3d 101], the issue of size was not discussed. Further, there was no discussion in those cases of the *relative* size of the territory sought to be annexed to the total size of the municipality from which the petitioners wanted to leave.

In the instant case the territory in question constituted approximately three percent of the territory of Olmsted Township. Appellees have not shown why three percent should be considered "unreasonably large" beyond the statement of the board that three percent is unreasonably large. There is nothing in the record to indicate that this three percent is disproportionately important to Olmsted Township. In fact, it is undisputed that the territory is undeveloped land at present. Accordingly, we hold that under the facts of this case as presented by the record, three percent of the township is not so unreasonably large as to preclude annexation. Appellants' second assignment of error is sustained.

For the reasons stated above appellants' third assignment of error is also well-taken. We find that the decision of the board of county commissioners was unreasonable and unsupported by the evidence before it.

Accordingly, the decision of the trial court is reversed and allowance of appellants' petition for annexation is hereby ordered.

*Judgment reversed and petition for annexation allowed.*

DAY, P.J., and NAHRA, J., concur.