LARICCIA ET AL., APPELLEES, *v.* MAHONING COUNTY
BOARD OF COMMISSIONERS, APPELLANT.

(No. 73-691—Decided April 24, 1974.)

100

Mr. *Carmen A. Policy*, for appellees.

Mr. *Vincent Gilmartin*, prosecuting attorney, and Mr. *David C. Comstock*, for appellant.

*Per Curiam.* Appellant asks us to examine the scope of the discretion to be exercised by a board of county commissioners in considering a petition for the annexation of real property to an adjacent municipal corporation. For reasons set forth below, we conclude that the resolution adopted by the appellant board on November 14, 1972, denying appellees' petition, was an improper exercise of its discretion based upon the record before it, and we affirm the judgment of the Court of Appeals which reversed the judgment of the Court of Common Pleas and ordered that the petition be granted.

The procedure by which owners of real property may effect the annexation of their property to an adjacent municipal corporation is prescribed in R. C. 709.03 to 709.-11. The instant controversy involves the provision of R. C. 709.033(D) which requires, as a prelude to the granting of a petition for annexation, a finding by the board of county commissioners that: "* * * the general good of the territory sought to be annexed will be served if the annexation petition is granted."

Appellant urges that a board of county commissioners is possessed of wide discretionary power in annexation proceedings, *Dabkowski* v. *Baumann* (1963), 175 Ohio St. 89, and that its decision of November 14, 1972, was a proper exercise of that discretion. Appellees maintain that the holding of *Dabkowski* is no longer applicable in view of the "clear change in principle and intent" reflected in the enactment of R. C. 709.033 in 1967, so that the thrust of the statutory annexation process is now to allow a property owner freedom to choose the governmental subdivision in which he desires his property to be located.

*Dabkowski, supra,* dealt with R. C. 709.03, which stated that a board of county commissioners was to follow the same procedure in considering petitions for annexation as it would in considering an application to be organized into a village pursuant to R. C. 707.01 to 707.30. At that time, R. C. 707.07 required that after a hearing on the matter the board shall allow the incorporation (or, pursuant to R. C. 709.03, the annexation) if it found, *inter alia*, that: "(I) It is right that the prayer of the petition be granted."

The court in *Dabkowski* found that, under the statutory arrangement then existing, boards of county commissioners were possessed of wide discretionary power and authority in annexation proceedings.

As the opinion of the Court of Appeals below correctly points out, the enactment in 1967 of R. C. 709.033 substantially curtailed the discretion to be exercised by boards of county commissioners in such proceedings. That statute establishes specific standards to be applied by the board to the evidence before it in annexation proceedings, and grants

to the board the discretion to make only those factual determinations specifically called for in the statute.

There was probative evidence presented by the appellees that it would be commercially advantageous for their property to be annexed to the city of Youngstown by making it possible for them to obtain a permit to sell wines, to pay reduced rates for sewer, water, and fire insurance, and to benefit from police and fire protection and other governmental services afforded the property.

The bulk of the testimony presented in opposition to appellees' petition was directed to the effect annexation of their property would have upon Boardman Township, particularly in relation to its status as a "dry" community, rather than to the effect that annexation would have upon the property itself.

Although the implications for the community to which the property in question would be annexed may well be of some consequence, the clear statement of the General Assembly in R. C. 709.033 cannot be ignored. That statute directs that the ultimate focus of annexation proceedings be on "the general good of the territory sought to be annexed," and requires granting of the petition when it is shown that such benefit will result. There is a lack of evidence in the record to support a finding to the contrary, and appellant board made no finding on the question of benefit to appellees' property, even though instructed by the Court of Common Pleas to do so.

The evidence produced in the hearings before the appellant board shows clearly and convincingly that annexation to the city of Youngstown would benefit the subject property.

We therefore conclude that the judgment of the Court of Appeals, reversing the judgment of the Court of Common Pleas and ordering the allowance of the annexation, was lawful, and we affirm.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissents.