IN RE APPEAL OF FISHER FROM DENIAL OF PETITION FOR ANNEXATION.

(No. 83-CA-13—Decided
December 29, 1983.)

Mr. *Robert N. Farquhar,* for appellant.

Mr. *Philip R. Moots* and Mr. *Marshall Clark,* for appellees Sugarcreek Twp. Trustees.

*Per Curiam.* This appeal results from a judgment of the Court of Common Pleas of Greene County wherein the court affirmed the decision of the Greene County Commissioners denying a petition of annexation of approximately 38.8 acres of Sugarcreek Township to the city of Centerville.

In denying the annexation petition, the Greene County Commissioners made the following findings:

"1. The area sought to be annexed is contiguous to the City of Centerville as required by Section 709.02 of the Ohio Revised Code.

"2. The plat and legal description are satisfactory as required by Section 709.033 of the Ohio Revised Code.

"3. At the time the petition for annexation was circulated there was a majority of property owner signatures on the petition.

"4. None of the owners took action to have their names removed as allowed in Section 709.03, Ohio Revised Code. However, several owners who signed the petition appeared under oath and testified in compliance with 709.32 that they did not understand fully what they were signing or its ramifications. Further these individuals indicated that they would not have signed if given another opportunity.

"5. That the petition did contain all matters required in Ohio Revised Code Section 709.02.

"6. That notice of original petition was not published in accordance with 709.031.

"7. That the general good of the territory sought to be annexed *will not* be served if the annexation is granted." (Emphasis *sic.*)

The court of common pleas affirmed these findings and appellant, Russell E. Fisher, the designated agent representing the petitioners for annexation, has appealed to this court asserting two assignments of error.

Assignment of Error No. I states:

"The trial court erred in sustaining the board of county commissioners' finding that notice of the original petition was not published in accordance with Section 709.031 Ohio Revised Code."

R.C. 709.031 provides in pertinent part:

"The board of county commissioners shall set the time and place for hearing the petition, which time shall be not less than sixty nor more than ninety days after the petition is filed in the office of the county auditor, and shall immediately notify the agent of the petitioners of such time and place. The agent for the petitioners shall cause a notice containing the substance of the petition, and the time and place where it will be heard, to be published once a week for a period of four consecutive weeks in a newspaper of

general circulation in the county prior to the time fixed for the hearing, and shall deliver a copy of the notice to the clerk of each township any portion of which is included within the territory sought to be annexed and to the clerk of the legislative authority of the municipal corporation to which annexation is proposed. * * *''

Appellant submits that the petitioners have fully complied with all the requirements mandated by R.C. 709.031 and that the commissioners' finding that notice of the original petition was not published in accordance with this section is erroneous.

R.C. 709.031 provides that the agent for the petitioners must cause the notice required by that section to be published once a week for four weeks in a newspaper of general circulation in the county. In addition, such notice must also be given to the clerk of each township any portion of which is included within the territory sought to be annexed and to the clerk of the legislative authority of the municipal corporation to which annexation is proposed.

The record before us reveals that the original petition for annexation was filed with the Board of County Commissioners of Greene County on March 12, 1982. On March 19, 1982, the Greene County Engineer advised the petitioners for annexation that the petition's legal description of the land in issue required certain changes. These changes were made and an amended petition, dated April 29, 1982, was filed with the board of commissioners.

On April 30, 1982, notice of the amended petition for annexation was personally served upon the clerks of the legislative authority of Sugarcreek Township and the city of Centerville by the agent for the petitioners. Notice of the amended petition was also published in the Dayton Daily News, a newspaper of general circulation in Greene County, once a week beginning May 3, 1982, for four consecutive weeks. The public hearing on the amended petition for annexa-

tion was held on June 3, 1982, and was continued on July 8, 1982.

At the July 8, 1982, annexation hearing, Lawrence Weller, the President of the Sugarcreek Township Trustees, appellees herein, testified that notice of the original petition for annexation was never filed with the Sugarcreek Township Clerk as required by R.C. 709.031. In addition, Weller testified that petitioners never delivered the map of the area sought to be annexed or copies of the petition signatures to the Sugarcreek trustees. The first notice the Sugarcreek trustees received of the proposed annexation was notice of the amended petition on April 30, 1982.

Based upon these facts as presented in the record below, we conclude the commission was correct in determining that the Sugarcreek Township Clerk did not receive notice of the original annexation petition. Although notice of the amended petition was subsequently made to all parties pursuant to R.C. 709.031, there was no notice given of the original petition filed with the board of county commissioners on March 12, 1982.

Therefore, the commission was correct in its determination that the petitioners for the annexation failed to comply with the notice requirements of R.C. 709.031 upon filing the original petition for annexation. Although the board of commissioners accepted the amended petition, which properly complied with R.C. 709.031, and addressed this petition upon its merits, the finding that the original petition was not in compliance with R.C. 709.031 was technical in nature and correct based upon the facts; however, this finding could not be relied upon as a reason for denying the amended petition. As the amended petition was heard on its merits and decided on its merits, Assignment of Error No. I is overruled.

Assignment of Error No. II provides:

"The trial court erred in sustaining the board of county commissioners' finding that [the] general good of the territory

sought to be annexed will not be served if the annexation is granted."

R.C. 709.033 sets forth the standards for grant or denial of an annexation petition. Specifically, R.C. 709.033 consists of four subsections each of which contain a specific requirement that must be met before annexation will be ordered. Subsections (A) and (B) require a finding that the petition for annexation contains all matter required by R.C. 709.02 and that the notice requirements of R.C. 709.031 have been fulfilled. Subsection (C) requires a finding that the petition, as of the time of filing with the board of county commissioners, contains enough valid signatures to constitute a majority of the owners of real estate in the territory proposed to be annexed. Once these preliminary matters are determined, subsection (D) of 709.033 provides that annexation will be granted if the territory included in the annexation petition is not unreasonably large, the map is accurate, and the general good of the territory sought to be annexed will be served.

In the present case, the board of commissioners conducted two public hearings upon the proposed annexation petition at which time any interested parties were encouraged to voice their opinions and relate any facts they felt were relevant to the proposed annexation. At the conclusion of these hearings, the board determined that the notice requirements of R.C. 709.031 had not been met as to the original petition and that the general good of the territory sought to be annexed *would not* be served if the annexation were granted. Accordingly, the annexation was denied. Appellant submits the trial court erred in affirming this decision.

The board of commissioners is required to apply the standards enumerated in R.C. 709.033 to the facts of the proposed annexation before it. Although the board of commissioners no longer has wide discretionary powers in determining an annexation proposal, the board does retain discretion in making the specific factual findings designated in R.C. 709.033. The ultimate focus of an annexation proceeding is the "general good of the territory sought to be annexed" and R.C. 709.033 requires granting of an annexation petition only when it is shown that the general good will be served. See *Lariccia v. Bd. of Commrs.* (1974), 38 Ohio St. 2d 99 [67 O.O.2d 97].

The record before us demonstrates that sufficient evidence was produced at the two hearings before the commission to support its finding that annexation in this situation would not result in the general good to the property sought to be annexed. Testimony was presented that the proposed annexation would not be in the best interests of the proposed area of annexation in that no benefits would result to the area as a result of annexation. In addition, testimony was presented that the proposed annexation could result in increased costs to the residents of the area sought to be annexed. Several residents of the proposed area of annexation who had originally signed the annexation petition appeared under oath in compliance with R.C. 709.032 and testified that prior to the public hearings, they did not fully understand the petition and, if given another opportunity, they would refuse to sign the petition.

As conflicting credible evidence was presented to the commission, we conclude that the judgment of the trial court, affirming the decision of the Greene County Board of Commissioners, was lawful.

Assignment of Error No. II is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., WILSON and WEBER, JJ., concur.