In re ANNEXATION OF 561.590 ACRES IN PERRY
AND BETHLEHEM TOWNSHIPS.

[Cite as *In re Annexation of 561.590 Acres in Perry & Bethlehem Twps.* (1995), 105 Ohio App.3d 771.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1994CA00358.

Decided Aug. 21, 1995.

*John L. Kurtzman* and *John D. Ferrero, Jr.*, for appellant and cross-appellee city of Massillon.

*Terrence L. Seeberger, Scott P. Sandrock, Charles D. Hall* and *David Bridenstine,* for appellees and cross-appellants.

---

READER, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Stark County, Ohio, that overruled two resolutions of the Board of Stark County

Commissioners ("Commissioners"). The first resolution denied a request by the city of Massillon to annex 561.590 acres of land in Perry Township and Bethlehem Township ("Massillon Annexation"). The second resolution denied a request by the village of Navarre to annex 169.209 acres of land in Bethlehem Township ("Navarre Annexation"). Both requests attempted to annex the same one-hundred-forty-four-acre tract of land known as the Stark County Farm. Both resolutions were appealed to the court of common pleas and the appeals were consolidated by the trial court over Massillon's objections. The trial court granted the Navarre Annexation and granted the Massillon Annexation after amending it by removing the Stark County Farm tract (which went to Navarre). Massillon has appealed to this court, the Board of Trustees for Perry Township ("Perry") has filed a cross-appeal, and Navarre has filed a cross-appeal.

The assignments of error are as follows:

Massillon's First Assignment of Error

"The trial court erred in consolidating the administrative appeals of the petition for annexation to the village of Navarre with the petition for annexation to the city of Massillon."

Massillon's Second Assignment of Error

"The trial court erred in granting the annexation of the 144 acres of the county farm to the village of Navarre."

Perry Township's First Assignment of Error

"It is an abuse of discretion for the trial court to substitute its interpretation of the facts and judgment in place of the decision of the Stark County Commissioners when the decision of the Stark County Commissioners to deny the petition for annexation of 561.590 acres of land in Perry and Bethlehem Townships, Stark County, Ohio, into the city of Massillon, is supported by the preponderance of substantial, reliable and probative evidence on the whole record."

Perry Township's Second Assignment of Error

"It is an abuse of discretion for the trial court to substitute its interpretation of the facts and judgment in place of the decision of the Stark County Commissioners when the decision of the Stark County Commissioners to deny the petition for annexation of 169.209 acres of land in Perry and Bethlehem Townships, Stark County, Ohio into the village of Navarre, is supported by the preponderance of substantial, reliable and probative evidence on the whole record."

Navarre's First Assignment of Error

"The trial court erred in reversing the resolution of the Board of County Commissioners denying Massillon's annexation petition where Massillon's annexation petition should have been treated as two annexation petitions for two separate and unconnected 'territories,' and where Massillon failed to obtain signatures of a majority of the landowners of the larger of the two 'territories' covered by the petition."

Navarre's Second Assignment of Error

"The trial court erred in reversing the resolution of the Board of County Commissioners denying Massillon's annexation petition where the board properly found that Massillon's proposed annexation would not serve the good of the territory to be annexed. The resolution of the board is legal and proper where such territory is distant from populated areas of Massillon; where such territory is really two unconnected territories; where the annexation would strand an unincorporated island deep within Massillon's municipal boundaries; where Massillon had no immediate plans for the territory and would provide no services not presently provided; and where the proposed annexation threatened the water and sewer systems of Navarre, and 'owner' on (sic) the territory."

I

There are two motions pending that we will consider before addressing the assignments of error. The first motion, filed by Massillon, asks that the cross-appeals by the village of Navarre and Perry Township be dismissed because, it asserts, the issues are made moot by R.C. 709.21.

R.C. 709.21 states:

"No error, irregularity, or defect in the proceedings under sections 709.01 to 709.20, inclusive, of the Revised Code, shall render them invalid, if the annexed territory has been recognized as a part of the annexing municipal corporation, and taxes levied upon it as such have been paid, and it has been subjected to the authority of the legislative authority of such municipal corporation, without objection from the inhabitants of such territory."

The trial court's entry granting annexation was filed December 7, 1994 and Massillon passed an ordinance to accept the annexation on December 19, 1994. In that action, Massillon City Council "determined that in order to annex said territory to the City of Massillon, this constitutes an emergency, requiring immediate action." We surmise that the "emergency" was their receipt of notice of cross-appeals by Perry Township on December 16 and by Navarre on December 13.

On December 22, 1994, the trial court enjoined the Auditor and Clerk of the Council for the city of Massillon, the Clerk of the Board of Stark County Commissioners, and the Stark County Recorder from taking any further action to accept the annexation pending further order of the trial court. While Massillon claims that it received no notice of this order, it had received constructive notice prior to its response filing on December 29, 1994, in which it moved the court "to dissolve any stay or injunction it may have granted."

We discover nothing in the record to show that taxes were paid, as required by R.C. 709.21, prior to the constructive notice of the trial court's order. Therefore, we deny the motion.

The second motion we now consider is the motion of the village of Navarre to strike Perry's second assignment of error. Because of our findings in Part IV, below, we find this motion to be moot.

## II

■ Navarre argues in its first assignment of error that the Massillon Annexation was really an attempt to annex two different territories and if each territory was looked at separately, it would be found that a majority of the owners of real estate in the larger of the two territories did not sign the petition to annex, in violation of R.C. 709.02.

The Massillon Annexation can be looked at as involving three areas of land. The first area is the one-hundred-forty-four-acre Stark County Farm, owned by the county. The second area, connected to the farm by sharing a common boundary, is about four hundred fourteen acres, with four owners. The third area, set off entirely from the other area as it shares no common boundary, is only 3.3 acres, also with four owners. Only two of the property owners of the two contiguous areas signed the petition to annex. However, by including the 3.3 acre tract, which is not contiguous to the other two areas, the petitioners were able to obtain a majority of property owners on the petition because all four owners of this little tract signed the petition. It should also be noted that the Massillon Annexation omitted a small piece of property which would become an "island" inside Massillon.

Thus the issue before us is whether the intent of the General Assembly in enacting the annexation statutes included this "bootstrapping" effect that enables a municipality to annex a territory the majority of whose owners do not desire annexation.

R.C. 709.02 states in pertinent part:

"The owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto * * *. Application for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located, and signed by a majority of the owners of real estate in such territory. * * * *"

In *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, the Ohio Supreme Court stated, "As revealed by the statutes enacted by the General Assembly that are currently in force, it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory." *Id.* at 285, 530 N.E.2d at 903. However, the court further stated that "[i]n enacting the statutes governing annexation, one of the intentions of the legislature was 'to give an owner of property freedom of choice as to the governmental sub-division in which he desires his property to be located.' " *Id.* at 286, 530 N.E.2d at 904. Also in *In re Annexation of 118.7 Acres in Miami Twp. to Moraine* (1990), 52 Ohio St.3d 124, 556 N.E.2d 1140, the Supreme Court stated, "The desires of property owners relative to their lands is one of the basic underlying considerations of the General Assembly in enacting annexation laws." *Id.* at 127, 556 N.E.2d at 1143.

We find that the attempt to annex property in contravention of the desires of the majority of landowners by "bootstrapping" a section of land not contiguous to the rest of the land but with sufficient owners to bring the whole up to a majority violates the spirit and purpose of the annexation code. Clearly the spirit of the annexation code is to further the desires of property owners relative to their lands.

R.C. 709.02 requires that a majority of landowners in a territory petition for annexation, and the purpose of this statute, to further the desires of property owners relative to their lands, is not served by allowing a group of petitioners to look to another area, unrelated to their lands or, as Navarre argues, on the other side of town, so that they can obtain a majority of signatures on their petition. When separate and unconnected territories are to be annexed, separate petitions are required to ensure that in each territory a majority of landowners in that territory has signed the petition as required by R.C. 709.02.

We find that the original petition submitted to the Commissioners for the Massillon Annexation was flawed as it combined two different territories in its annexation attempt. Therefore, the attempt to annex land by this petition must fail.

We note for the record that, contrary to Massillon's claim that this issue was not considered in the lower court and thus cannot be considered now, it was in fact brought up in the lower court.

Navarre's first assignment of error is sustained.

## III

Because of our finding in Part II that the petition for the Massillon Annexation was void *ab initio,* Navarre's second assignment of error, Perry's first assignment of error and Massillon's first and second assignments of error are moot and will not be considered.

## IV

■ Perry argues in its second assignment of error that the trial court abused its discretion in overturning the Commissioners' decision to deny the petition for the Navarre Annexation.

On July 12, 1993, the village of Navarre filed a petition for the Navarre Annexation. The subject land is owned by the Bethlehem Township, Stark County, and a railroad. This petition was found defective by the Commissioners on December 14, 1993 because it failed to include the signatures of a majority of the landowners as required by R.C. 709.033. However, the Commissioners did find that "the good of the residents of the territory sought to be annexed will be served if the petition is granted." Navarre filed another petition on December 8, 1993, which included the requisite number of signatures, and a hearing was held on February 23, 1994 before the Commissioners. This time, however, the Commissioners found that "the good of the residents of the territory sought to be annexed will not be served if the petition is granted." Upon appeal, the trial court overruled this resolution and granted the Navarre Annexation.

■ The Ohio Supreme Court, in *In re Petition to Annex 320 Acres* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463, stated that "annexation is strictly a statutory process." *Id.* at 591, 597 N.E.2d at 468. In *Lariccia v. Mahoning Cty. Bd. of Commrs.* (1974), 38 Ohio St.2d 99, 67 O.O.2d 97, 310 N.E.2d 257, the Supreme Court held:

"[T]he enactment in 1967 of R.C. 709.033 substantially curtailed the discretion to be exercised by boards of county commissioners in such proceedings. That statute establishes specific standards to be applied by the board to the evidence before it in annexation proceedings, and grants to the board the discretion to make only those factual determinations specifically called for in that statute.

" * * * That statute directs that the ultimate focus of annexation proceedings be on 'the general good of the territory sought to be annexed,' and *requires granting of the petition when it is shown that such benefit will result.*" (Emphasis added.) *Id.* at 101–102, 67 O.O.2d at 99, 310 N.E.2d at 258–259.

In considering what is "the general good of the territory," we have held that "it is the good of the territory to be annexed that is to be measured and not the effect upon what will be left of the remainder of the township." *In re Annexation of 34.397 Acres* (Jan. 29, 1990), Stark App. No. CA–7798, unreported, 1990 WL 6229. And as stated in *McGee, supra,* it is the policy of the state of Ohio to encourage annexation.

R.C. 709.033 requires the board of county commissioners to make factual findings within its discretion of, *inter alia,* whether "the general good of the territory sought to be annexed will be served if the annexation petition is granted." If the finding by the board is that the annexation is not for the general good of the territory, this factual finding can be overturned by a trial court only if it "find[s] that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

We have reviewed the record of the hearing held on February 23, 1994 before the Commissioners. Reports from the County Engineer, the Auditor, and the Sanitary Engineer were not opposed to the annexation. The agent for the petitioners testified that Navarre has a water tower located on the property to be annexed as well as a main county sewer line that goes into the Navarre wastewater treatment plant. The Superintendent of Fairless Schools testified in favor of the annexation. A trustee of Bethlehem Township testified in favor of annexation. The Mayor of Navarre testified that a park located in the area to be annexed is extensively used and was indeed built by the citizens of Navarre. In fact, only two people testified in opposition to the annexation. One was a representative of the Mayor of Massillon who claimed that the annexation was not in the best interest of the city of Massillon. The other was a Perry Township Trustee who testified that he thought the land would be better developed by Stark County than by the village of Navarre. The record is devoid of any evidence concerning the use or concerns of Stark County for its land in this annexation.

We can see nothing in the record to support the Commissioners' findings that the good of the territory sought to be annexed will not be served if the petition is granted. Two of the three landowners of the Navarre Annexation have signed the petition to annex. Therefore, we find that the decision of the trial court was correct in finding the resolution of the Stark County Commissioners to be illegal, arbitrary and capricious and finding that there was no substantial, reliable or

probative evidence in the record to support their findings contained in that resolution.

Perry's second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. This case is remanded to the Stark County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment accordingly.*

GWIN, P.J., and WISE, J. concur.