OPINION
In October of 1997, appellants Rino Borean, Shirley Borean, Borean Cement Contractors, Inc., David Borean, and Robin Borean filed a petition for annexation, asking that 35.08 acres, in Orange Township, be annexed to the City of Columbus. The Delaware County Board of Commissioners held a public hearing on the petition for annexation. The Commissioners denied the annexation petition by order adopted March 9, 1998. In the order, the Board stated that the petition was denied based on testimony received that fire and police services cannot be provided to the proposed area. Appellants appealed the order denying the petition to the Delaware County Common Pleas Court pursuant to Ohio R.C. Chapter 2506. On January 4, 1999, the Delaware County Common Pleas Court affirmed the decision of the Board denying the petition for annexation. The judge found that the decision of the Board was supported by a preponderance of substantial, reliable, and probative evidence. The court concluded that while appellants offered evidence to support their petition, the Board's evaluation of the credibility of that evidence was support by a preponderance of the evidence. The court further concluded that the Board is not required to accept the evidence at face value, when questioning the evidence reveals it to be supported by uncertainty or lack of knowledge. Appellants appeal the judgment of the trial court, assigning a single error:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE DELAWARE COUNTY BOARD OF COUNTY COMMISSIONERS WHICH DENIED APPELLANTS' PETITION FOR ANNEXATION ON THE BASIS THAT FIRE AND POLICE SERVICES CANNOT BE PROVIDED TO THE TERRITORY TO BE ANNEXED.
An order affirming or denying the petition for annexation may be appealed to the Common Pleas Court pursuant to R.C. 2506.01. The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. R.C. 2506.04. This judgment may then be appealed to the Court of Appeals, by any party, on questions of law as provided by the Rules of Appellate Procedure. Id. An appeal to the Court of Appeals pursuant to R.C. 2506.04 is more limited in scope, and requires the court to affirm the Common Pleas Court, unless we find as a matter of law that the decision of the Common Pleas Court is not supported by a preponderance of reliable, probative and substantial evidence. Smith v. Granville Township Board of Trustees (1998), 81 Ohio St.3d 608,613. R.C. 709.033 provides that after a hearing on the petition to annex, the Board of County Commissioners shall enter an order allowing the annexation if it finds that the territory included in the annexation petition is not unreasonably large, the map or plat is accurate, and the general good of the territory sought to be annexed will be served if the petition is granted. R.C. 709.033 (E). At the outset, we note the long-standing principle in Ohio law that annexation is to be encouraged. In 1967, the enactment of R.C. 709.033 substantially curtailed the discretion to be exercised by the boards of county commissioners in annexation proceedings. Lariccia v. Mahoning County Board of Commissioners (1974), 38 Ohio St.2d 99, 101-102. That statute establishes specific standards to be applied by the Board to the evidence before it, and grants to the Board the discretion to make only those factual determinations specifically called for in the statute. Id. The statute directs that the ultimate focus of the proceedings be on the general good of the territory sought to be annexed, and requires granting of the petition when it is shown that such benefits will result. Id. Further, in enacting the statute governing annexation, one of the intentions of the legislature was to give a property owner freedom of choice as to the governmental subdivision in which he desires the property to be located. Middletown v. McGee (1988), 39 Ohio St.3d 284,286. Thus, it is apparent that the spirit and purpose of the annexation laws of Ohio are to encourage annexation, and to give weight to the request of property owners. Smith v. Granville Township Board of Trustees, 81 Ohio St.3d at 614. Deference must particularly be given to the desires of the property owners where, as in the instant case, the petition for annexation is unanimous among the property owners in the territory to be annexed. Id., at 614-615. In affirming a decision from this appellate district arising out of Licking County, the Ohio Supreme Court has held that when considering a unanimous annexation petition, it is important not to compare the services each governmental entity can provide, in deciding what is for the good of the territory. Id., at 615. Unless it is shown that the annexing city is unable to provide necessary services that a city must provide, the commissioners may not use lack of services as justification to deny annexation. Id. The proper test to be applied is what is for the good of the territory, not what is best for the territory. Id., at 614. In the instant case, it is apparent that both the Board of Commissioners and the trial court improperly compared the level of services that could be provided by the township to those which could be provided by Columbus. In determining that police and fire services were inadequate, both the Board and the court apparently gave great weight to evidence presented by the township trustees concerning response times, which would potentially be shorter if services were provided by the township. However, the Columbus City Council passed an ordinance stating that as to police service, the area annexed would be served by a cruiser. This cruiser would be supported by five other cruisers, a patrol transport vehicle, and a sergeant on all three watches. The ordinance recited that the annexation would not appreciably add to the workload of the these cruisers. The ordinance states that as development occurs on the site, police service will continue, but may be at reduced levels unless police resources are increased to reflect the corresponding growth of the city. The ordinance further recites that response time from the first fire and EMS station would be approximately five and one-half minutes, and would be approximately twelve minutes from the second response station. While the township presented evidence that response times would be shorter if such services were provided by them, comparison of services is improper. The ordinance on its face demonstrates that the services provided by the City of Delaware and by the City of Columbus would be adequate as required by law. The township chose to attack the credibility of the Columbus ordinance by impeaching Ray Baskin, a witness from the Department of Development for the City of Columbus. Mr. Baskin testified that he was involved in the preparation of the service resolution passed by the City of Columbus. On cross-examination, he was not sure of the physical boundaries of the police cruiser area. He also was unsure as to what types of EMS equipment would be available on dispatch from the first response area. Further, he was not sure which roads emergency vehicles would take to reach the annexed area. His inability to answer questions concerning the specifics of provision of services led the Board and the court to conclude that the service resolution was not credible concerning the city's ability to provide services. However, the mere fact that this particular witness did not know the specific details as to how each separate service entity of the City of Columbus would provide service to the 35 acres involved in the annexation petition does not necessarily lead to the conclusion that the services to be provided would be inadequate. The township presented no evidence that such services would be inadequate, but rather relied on one witness' failure to know the specifics concerning the provision of each and every service. Much of the questioning concerning response time concerned opinions expressed by the commissioners concerning personal knowledge of the roadways in the area, and personal beliefs concerning how long emergency response would take. As noted by the trial court, such personal observations by the commissioners were not evidence. Such impeachment was improper, and established an insufficient foundation for a conclusion that the provision of services would be inadequate. In addition, the township attacked the provision of services by the City of Columbus by pointing to specific incidents of failure of service. Again, none of these incidents were supported by actual evidence presented by a sworn witness with knowledge. One commissioner pointed to a slow response time from the Columbus dispatch station. At another point in the record, a commissioner claimed that when citizens called with complaints concerning noise at the Polaris Amphitheater located in the area of the land involved in this petition, police refused to respond to the call, but tell citizens to call the city attorney the next morning. Even if such breakdowns of service were presented by way of evidence, infallibility of service is not the issue in an annexation petition. Adequate service need not be perfect service. No service entity, be it Orange Township, the City of Delaware, or the City of Columbus, can provide infallible service at all times. Therefore, evidence of isolated service breakdowns by personnel in areas near the area to be annexed are insufficient as a matter of law to demonstrate that the proposed services are inadequate. We do not mean to suggest that when faced with a unanimous petition and some evidence of provision of services, the party challenging annexation may not rebut the evidence of adequacy of services. However, such a challenge must be by way of actual evidence that the city is unable to provide adequate services, and not mere speculation that services may not be offered, or that promised improvements may not be made. Further, as the Ohio Supreme Court has stated, comparison of services is improper, as the test is not what is best for the territory to be annexed, but what is for the general good of the territory. In the instant case, the Delaware County Common Pleas Court misconstrued the law concerning adequacy of the services. In fact, the court expressly disagreed with the Board's conclusion that unrebutted facts were presented concerning service failures, and conceded that concerns regarding service failures were not supported by evidence. Therefore, even in our limited role as a court reviewing a reviewing court, we conclude that the evidence presented does not support the court's conclusion that the provision of police and fire service would not be adequate. The assignment of error is sustained.
The judgment of the Delaware County Common Pleas Court is reversed. Pursuant to App. R. 12 (B) we hereby grant the petition of appellants to annex their property to the City of Columbus.
By Gwin, J., Wise, P.J., and Hoffman, J., concur