OPINION
Defendant-appellant the City of Vandalia appeals from an injunction barring the annexation of 292.6 acres from Butler Township to the City. The City contends that the trial court erred when it found that the City had failed to comply with a statutory requirement that it identify the services that it would provide in the territory to be annexed. We agree with the City that its formal adoption of a policy providing, both generally and specifically, that territories annexed by it will receive the same services being provided in territory already lying within the City, satisfies the requirement of R.C. 709.031(B) that an annexing municipality specify the services to be provided within the territory to be annexed.
The plaintiffs-appellees, in a "defensive" assignment of error, argue that the trial court erred by finding that they had failed to establish, by clear and convincing evidence, that annexation would not serve the general good of the territory to be annexed. We disagree. From our review of the record, we conclude that the plaintiffs-appellees did fail to establish, by clear and convincing evidence, that annexation would not serve the general good of the territory to be annexed. Accordingly, the judgment of the trial court is Reversed, and the injunction entered by the trial court is Vacated.
 I
In 1999, thirty-one owners of land located in Butler Township filed a petition to annex their properties to defendant-appellant the City of Vandalia. The Montgomery County Commissioners held a public hearing on the annexation petition on January 25, 2000. They passed Resolution No. 00-1030, which approved the annexation pursuant to R.C. 709.033. The Commissioners then certified a transcript of all records and proceedings to Vandalia's Clerk of Council, defendant Bruce Sucher, for Vandalia's acceptance of the territory.
Before Vandalia could accept the territory, however, plaintiffs-appellees Clifford E. Browning and other property owners in the territory sought to be annexed, (collectively referred to as "Browning"), filed a statutory injunction action to enjoin Sucher from taking any further action to complete the annexation. The trial court granted the injunction to Browning because the City failed to properly adopt a statement of services that would be provided to the annexed territory, as required under R.C. 709.033(D). From that decision, Vandalia appeals.
 II
Vandalia's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S PETITION FOR AN INJUNCTION AGAINST THE ANNEXATION OF 292.6 ACRES OF LAND FROM BUTLER TOWNSHIP TO THE CITY OF VANDALIA SET TO BE ANNEXED UPON AN ORDER OF THE BOARD OF COUNTY COMMISSIONERS OF MONTGOMERY COUNTY, OHIO
In this action, a group of landowners sought to have their property annexed into Vandalia's territory. The City claims that the trial court erred by enjoining the annexation. We agree.
When a majority of landowners seek to have their property annexed to a municipal corporation, they must file a petition signed by a majority of the owners of territory adjacent to a municipal corporation with the board of county commissioners of the county in which their property is located. R.C. 709.02 and 709.03. A public hearing is then held, where evidence and testimony is offered. R.C. 709.031 and 709.032. The Commissioners then must decide whether to grant or deny the petition under R.C. 709.033. R.C. 709.033 requires:
 (A) The petition contains all matter required in section 709.02 of the Revised Code.
 (B) Notice has been published as required by section 709.031 of the Revised Code.
 (C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.
 (D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.
 (E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will served if the annexation petition is granted.
If the annexation is approved, then any interested person may initiate a statutory injunction action to prevent the annexation. R.C. 709.07. Under R.C. 709.07(D), individuals whose rights or interests have been adversely affected and who seek injunctive relief bear the heavy burden of proving by clear and convincing evidence that:
 (1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or that the board's decision was unreasonable or unlawful; or
 (2) There was error in the findings of the board of county commissioners.
"This standard of review is highly deferential to the board of county commissioners." In re Petition to Annex 320 Acres to the Village of South Lebanon (1992), 64 Ohio St.3d 585, 596, 597 N.E.2d 463.
Browning correctly asserts that a trial court must issue an injunction against annexation if commissioners fail to comply with R.C. 709.033. R.C. 709.07(D)(1). R.C. 709.033(D) requires the municipal corporation to which the territory proposed to be annexed — Vandalia, in this case — to comply with R.C. 709.031(B). R.C. 709.031(B) states that a municipal legislative authority "shall, by ordinance or resolution, adopt a statement indicating what services, if any, the municipal corporation will provide to the territory proposed for annexation upon annexation." The trial court granted a permanent injunction to Browning because Vandalia's statement of services was not specific to the annexation of the territory proposed in this case. The court reasoned that the plain language of R.C. 709.031(B), which requires a municipal corporation to "adopt a statement indicating what services, if any, the municipal corporation will provide to the territory proposed for annexation upon annexation" requires that a municipal corporation adopt a statement of services specifically tailored to the land proposed for annexation. We disagree.
The trial court's emphasis on "the territory proposed for annexation" is misplaced. The plain language of the statute does not require a municipal corporation to adopt a statement specifically tailored to the land proposed for annexation. The requirement of R.C. 709.031 is satisfied so long as the city formally adopts a policy that places property owners on notice of the services they will receive if their property is annexed.
Prior to the public hearing on the petition, Vandalia passed and then presented a copy of Ordinance No. 99-33 to the Commissioners, as required by R.C. 709.031(B). The Ordinance codified and readopted all previous city ordinances including Chapter 210. Chapter 210 is Vandalia's permanent annexation policy. Section 210.01 states:
 All newly annexed areas will receive levels of service equivalent to those provided to present City residents. All new residents will be entitled to all of the rights, privileges and responsibilities afforded to City residents.
Section 210.03 provides:
 Street lighting, curbs and sidewalks, street and road improvements, storm and sanitary improvements, water service and other public works will be provided to newly annexed areas when a majority of residents living in such areas petition Council for the extension of such services, and/or the Council recognizes a legitimate need for such improvements in those areas to guarantee the public health, safety and welfare.
The term "and/or" is fraught with ambiguity. In the context of section 210.03 of Vandalia's codified ordinances, we take it to mean that the services referred to therein will be provided to newly annexed areas when either of the conditions is satisfied. A contrary interpretation would suggest that the services would not be provided without a petition from a majority of the residents, even if the city council were to determine that the services were needed to guarantee the public health, safety and welfare, and we cannot believe that this result was intended.
Finally, section 210.07 indicates:
 Public street maintenance (resurfacing, snow plowing, sweeping and curb, sidewalk and guard rail maintenance) will be provided at no charge to residents. . . .
These provisions provide notice of the services landowners will receive if their property is annexed. Thus, the City complied with R.C. 709.031(B). Accordingly, the trial court erred by granting injunctive relief to Browning on this basis, and the City's sole assignment of error is sustained.
 III
Browning raises a defensive assignment of error as a second basis for the trial court's grant of injunctive relief:
 AN ADDITIONAL REASON THAT WOULD HAVE SUPPORTED THE TRIAL COURT'S JUDGMENT, BUT THAT WAS NOT RELIED UPON BY THE TRIAL COURT IN ISSUING ITS INJUNCTION AGAINST THE ANNEXATION IS THAT THE ANNEXATION WOULD NOT SERVE THE GENERAL GOOD OF THE TERRITORY SOUGHT TO BE ANNEXED
A trial court must issue an injunction against annexation if the board of county commissioners fail to comply with R.C. 709.033. Under R.C.709.033(E), the commissioners must find that the general good of the territory sought to be annexed will be served to approve the annexation. The trial court concluded that the evidence before the commissioners demonstrated that annexation would serve the general good of Butler Township.
To prevail under this assignment of error, Browning must establish by clear and convincing evidence that the general good of Butler Township will not be served if annexed into Vandalia. He argues that this finding is erroneous because the trial court failed to consider: (1) the wishes of those opposing annexation; and (2) the benefits and detriments to the totality of the property included within the territory as a whole. We disagree.
While R.C. 709.033(E) does not indicate what factors should be considered to determine if the general good of the territory sought to be annexed will be served by granting the annexation petition, Ohio Supreme Court precedent provides guidance. For example, the commissioners must focus on the consequences to the area be annexed, not the effect on the political subdivision from which the territory is to be detached. In re Annexation of 118.7 Acres in Miami Twp. (1990), 52 Ohio St.3d 124, 131,556 N.E.2d 1140, 1146. Commissioners should also consider commercial advantages that flow from annexation. Lariccia v. Mahoning Bd. of Trustees (1974), 38 Ohio St.2d 99, 310 N.E.2d 257, 259. These advantages may include reduced rates for basic services like sewer and water. Id. Although a property owner's wishes regarding annexation is a key consideration when his property is the only land subject to annexation in the proposed territory, Smith v. Granville (1998), 81 Ohio St.3d 608,693 N.E.2d 219, we have never considered the wishes of a property owner to be dispositive in cases where other owners in the proposed territory oppose annexation. Cf. Essman v. Jefferson Twp. Bd. of Trustees (Mar. 23, 1994), Montgomery App. No. C.A. 14149, unreported.
Keeping these principles in mind, we now consider whether the evidence presented to the Commissioners supports the trial court's judgment that annexation serves the general good of the territory to be annexed. Evidence contained in the record indicates that water and sewer service was not readily available to all residents in Butler Township. Indeed, the Commissioners specifically found:
 [W]hen one compares the present ability of Butler Township Water and Sewer District to supply water and sewer to the area subject to this annexation with that of the City of Vandalia to do so, one concludes that the City of Vandalia stands ready, willing and able to service the area. This ability can be accomplished without discussions with a third party, as such discussions are necessary for the Butler Township Water and Sewer District.
 The City of Vandalia is presently a partner in a Water Service Agreement with the City of Dayton, and apparently it can extend its water services to the area being annexed, while the Butler Township Water and Sewer District must find a water source, negotiate the terms of an agreement for securing water, determine how to financially underwrite the construction of the system, and lastly it has no engineering plans in place indicating how such delivery would occur, and that it would be approximately one (1) year before this could be accomplished. . . . Testimony from the Vandalia City Manager indicates that the City of Vandalia can supply water to the property at issue within nine (9) months. . . . It would therefore appear that the majority of the property owners will secure the full range of governmental services, but most importantly water and sewer services and enhance the value of their property, while those who object to the annexation will not suffer any detriment.
Resolution No. 00-1030.
Furthermore, the record also indicates residents will receive trash collection and paramedic service at no charge. Based on this record, we conclude that Browning has failed to establish by clear and convincing evidence that annexation would not serve the general good of the property to be annexed. Accordingly, Browning's defensive assignment of error is overruled.
 IV
The City's assignment of error having been sustained, and Browning's defensive assignment of error having been overruled, the judgment of the trial court is Reversed, and the injunction entered by the trial court is Vacated.
WOLFF, P.J., and GRADY, J., concur.