OPINION
{¶ 1} The city of Moraine, Theodore R. Jeter, and other property owners appeal from the denial of their petition for annexation of approximately 148 acres of land in Jefferson Township to the city of Moraine.
 {¶ 2} The petition for annexation was filed with the Montgomery County Board of Commissioners ("the Board") on October 22, 2001. The petition was filed pursuant to R.C. 709.02 et seq. and sought to annex land owned by 44 people from Jefferson Township to the city of Moraine. The Board conducted a public hearing on the proposed annexation on January 8, 2002. Based on the evidence presented at the hearing, the Board found that it had not been shown that the general good of the territory in question would be served by annexation, and it denied the petition. The Board relied on the facts that a large minority of the landowners in the area of proposed annexation opposed the petition because they preferred the township form of government and that the services provided by the township were comparable or superior to those provided by the city. The petitioners appealed to the trial court, which affirmed the decision of the Board.
 {¶ 3} The petitioners raise one assignment of error on appeal.
 {¶ 4} "The trial court erred in overruling the City of Moraine's administrative appeal."
 {¶ 5} In reviewing an administrative appeal under R.C. Chapter 2506, the common pleas court must weigh the evidence to determine whether the decision made by the agency was supported by a preponderance of reliable, probative, and substantial evidence. In re Annexation of 1, 544.61Acres (1984), 14 Ohio App.3d 231, 233-234. "While the inquiry is essentially a legal question as to the presence or absence of the necessary quantum of evidence, it is a hybrid form of review; it inevitably involves a consideration of the evidence * * *. Thus, to a limited extent, a substitution of judgment by the reviewing common pleas court is permissible." Id. at 233. The court of appeals has a more limited function in determining whether the standard of review was correctly applied by the common pleas court. The court of appeals does not weigh the evidence but considers whether, as a matter of law, the trial court judgment is against the weight of the evidence. Id. See, also, Essman v. Jefferson Twp. Board of Trustees (Mar. 23, 1994), Montgomery App. No. 14149.
 {¶ 6} R.C. 709.033 sets forth the standards by which boards of county commissioners must evaluate annexation petitions. The statute consists of five subsections, each containing criteria that must be met before annexation will be granted. The criterion at issue in this case, and upon which the Board denied the annexation petition, is set forth at R.C. 709.033(E) and states:
 {¶ 7} "After the hearing on a petition to annex, the board of county commissioners shall enter an order upon its journal allowing the annexation if it finds that:
 {¶ 8} "* * *
 {¶ 9} "(E) * * * the general good of the territory sought to be annexed will be served if the annexation petition is granted."
 {¶ 10} Although the broad discretion once possessed by boards of county commissioners in annexation proceedings has been curtailed by R.C. 709.033, the question of whether the proposed annexation would serve the general good of the territory to be annexed is a factual finding within the statute and, as such, its determination remains committed to the discretion of the board. Brahm v. Beavercreek Twp. Bd. of Trustees
(2001), 143 Ohio App.3d 205, 209; Essman, Montgomery App. No. 14149. The board must consider both the benefits and detriments of annexation upon the proposed annexation territory in making this determination. In reAnnexation of 118.7 Acres in Miami Twp. (May 11, 1989), Montgomery App. No. 11444. In cases where there is conflicting evidence on the issue of general good, the board's decision must stand. In re Petition of BosartCo. (April 29, 1987), Clark App. No. CA 2290, citing In re Fisher
(1983), 13 Ohio App.3d 359, 362.
 {¶ 11} The petition for annexation was supported by over 63% of the landowners in the area of proposed annexation representing 55% of the land in the area. Because the petition had less than 100% of the landowners' support, the Board of Commissioners was required to consider the wishes of the opposing landowners. Middletown v. McGee (1988),39 Ohio St.3d 284, 286; Browning v. Sucher, Montgomery App. No. 18892,2001-Ohio-1919. The Board noted strong opposition to the annexation as demonstrated by affidavits and testimony at the public hearing. There were apparently 12 affidavits from landowners indicating that they preferred the township form of government to the city form of government. Neither the landowners' affidavits nor a transcript of the hearing before the Board is a part of the record on appeal. Because a transcript has not been prepared, we will presume that the Board's decision accurately represented this evidence.
 {¶ 12} Conflicting evidence was presented about the quality of police services that the Moraine Police Department and the Montgomery County Sheriff's Department were able to provide the area proposed to be annexed, with each department claiming to provide superior services. The affidavit submitted by Captain Charles Turner of the Montgomery County Sheriff's Department provided detailed information about the manner in which the Sheriff's Department serves Jefferson Township, the extensive resources available to it, and the high standards to which a large law enforcement agency is held by accreditation agencies. Based on this evidence, the trial court could have reasonably concluded that the decision of the Board of Commissioners that the Sheriff's Department was better equipped to patrol and respond to the area sought to be annexed had been supported by a preponderance of the evidence.
 {¶ 13} The parties also presented conflicting evidence about fire protection. While Moraine had more pieces of equipment and professional employees, Jefferson Township apparently had more firefighters per resident and quick access to the proposed area of annexation over rural roads. As for other services, the record does not indicate that Moraine would have provided water and sewer service to the area, and the record is insufficient to compare some of the other services about which evidence was presented. Although some evidence was presented about economic development services provided by Moraine, it was unclear whether these services would benefit the residents in the proposed area of annexation.
 {¶ 14} The trial court reasonably concluded that the Board's decision was supported by a preponderance of reliable, probative, and substantial evidence. Therefore, we will not disturb this determination on appeal.
 {¶ 15} The judgment of the trial court will be affirmed.
FAIN, P.J. and GRADY, J., concur.