**In re ANNEXATION OF 816 ACRES IN MONCLOVA TOWNSHIP TO THE CITY OF MAUMEE, Ohio.**

[Cite as *In re Annexation of 816 Acres in Monclova Twp. to Maumee* (1993), 91 Ohio App.3d 500.]

Court of Appeals of Ohio,
Lucas County.

No. L-92-404.

Decided Nov. 5, 1993.

*John D. Garand* and *Ernest E. Bollinger,* for appellant.

*Sheilah H. McAdams* and *James N. Turner,* for appellees.

SHERCK, Judge.

This is an appeal from a judgment issued by the Lucas County Court of Common Pleas which denied a petition filed by Monclova Township Trustees for an injunction to block the annexation of a portion of Monclova Township into the neighboring city of Maumee. Because we find that the township failed to prove that the Lucas County Board of Commissioners unlawfully or unreasonably approved the annexation, we affirm the decision of the trial court.

Appellant is the Board of Trustees of Monclova Township, which is located adjacent to appellee city of Maumee ("Maumee") in Lucas County, Ohio. Appellee city of Toledo ("Toledo") is the owner of five hundred ninety-four acres in Monclova Township. Toledo and thirteen other Monclova Township property owners sought to have an area of land, comprised of eight hundred sixteen acres, annexed into Maumee. To this end, on February 11, 1992, the Monclova property owners filed an annexation petition with the Lucas County Board of Commissioners.

The Lucas County Commissioners conducted two days of public hearings on the annexation petition wherein evidence and argument from both proponents and opponents of the annexation effort were accepted. On June 15, 1993, the commissioners issued findings of fact which included, *inter alia,* that the petition was signed by a majority of property owners in the territory to be annexed, that the petitioners and the city of Maumee had complied with certain technical requirements, that the territory to be annexed is not unreasonably large, and that annexation is for the general good of the territory to be annexed. The commissioners, then, unanimously approved the annexation petition.

Following the commissioners' approval of the annexation, appellant filed an R.C. Chapter 2506 appeal and sought to enjoin annexation pursuant to R.C. Chapter 709. The Lucas County Court of Common Pleas consolidated these actions; the R.C. Chapter 2506 complaint was eventually dismissed.[1]

---

1. During pendency of this matter before the common pleas court, the Supreme Court of Ohio released its decisions in *In re Annexation of 311.8434 Acres of Land* (1992), 64 Ohio St.3d 581, 597 N.E.2d 460, and *In re Petition to Annex 320 Acres to the Village of S. Lebanon* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463, which together held R.C. 709.07 to be the exclusive remedy

The court reviewed the record of the hearing before the board of commissioners and considered appellant's argument. The court then determined that appellant township had standing to bring its action as the township possessed a legally protected interest which might be adversely affected by the annexation. Nevertheless, the common pleas court found appellant had failed to establish by clear and convincing evidence that there was any error in the proceedings before the board of commissioners or that the commissioners' decision was unlawful or unreasonable. Accordingly, the common pleas court denied the township's petition for an injunction to block the annexation. From that judgment appellant brings this appeal, setting forth the following five assignments of error:

"I. The court erred in upholding approval of the annexation petition because the commissioners' decision in approving the annexation petition was completely inconsistent with its prior determinations concerning the same property.

"II. The court erred in that its decision was based on a misinterpretation of O.R.C. Section 715.69.

"III. The court erred in upholding approval of the annexation petition because the territory sought to be annexed is unreasonably large.

"IV. The court erred in upholding approval of the annexation petition because the territory sought to be annexed is not sufficiently contiguous to the city of Maumee.

"V. The court erred in upholding approval of the annexation petition because annexation would not serve the general good of the territory sought to be annexed."

The parties agree that R.C. 709.07 governs these matters. In pertinent part that statute provides:

"(A) Within sixty days from the filing of the papers relating to the annexation * * * any person interested, and any other person who appeared in person or by an attorney in the [commissioners' annexation] hearing * * *, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. The petition of a person interested shall set forth facts showing:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

---

for township trustees to challenge a board of county commissioners' approval of an annexation petition.

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.

"The petition of any other person shall set forth facts applicable to division (A)(2) of this section.

" * * *

"(C) The court of common pleas shall hear the petition * * * and at the hearing the court may hear evidence upon the matters averred in the petition.

"(D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:

"(1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or that the board's decision was unreasonable or unlawful; or

"(2) There was error in the findings of the board of county commissioners."

## I

Appellant, in its first assignment of error, urges that the application of issue and/or claim preclusion should bar the annexation because the commissioners, in a prior decision involving substantially the same property and parties, determined that such annexation would not serve the general good of the territory to be annexed. We need not, however, reach the merits of this assignment of error. As appellees properly point out, appellant neither adduced evidence of this prior ruling nor argued the legal theory before either the board of commissioners or the common pleas court.

App.R. 9 limits the record on appeal to that evidence which was before the court being reviewed. A reviewing court cannot add matter to the record before it. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. Similarly, issues which have not been before a court for determination will not be considered on appeal. *Williams v. Jerry L. Kaltenbach Ent., Inc.* (1981), 2 Ohio App.3d 113, 115, 2 OBR 126, 127–128, 440 N.E.2d 1219, 1221–1222. Therefore, appellant's first assignment of error is not well taken.

## II

Appellant, in its second assignment of error, asserts that the decision of Toledo to withdraw its opposition to the annexation was predicated on an erroneous interpretation of its agreement to share with Maumee tax revenues from the

annexed property. Appellant argues that the two cities cannot form a joint economic development zone out of the annexed territory until it becomes part of Maumee.

Although the joint economic development agreement between Maumee and Toledo was introduced and discussed at the commissioners' hearing, the argument which appellant now asserts was raised neither before the commissioners nor the common pleas court. Therefore, the issue will not be heard for the first time here. *Williams v. Jerry L. Kaltenbach Ent., Inc., supra.* Accordingly, appellant's second assignment of error is not well taken.

## III

Appellant's remaining assignments of error concern issues which were before both the commissioners and the common pleas court.

R.C. 709.033(E) predicates a board of commissioners' approval of an annexation petition on the board making specific findings that the territory to be annexed is not unreasonably large and that annexation will serve the general good of the territory to be annexed. Several sections of R.C. Chapter 709 also require that land which is to be annexed into a municipality must be adjacent or contiguous to that municipality. Appellant argued before the board of commissioners that each of these statutory mandates was absent in the present annexation.

Nevertheless, at the conclusion of the commissioners' hearing, the board issued specific findings that the territory to be annexed was not unreasonably large, was contiguous to Maumee and the annexation would serve the general good of the territory to be annexed.

## A

In support of its position that the territory to be annexed is unreasonably large, appellant directs our attention to two 1984 appellate decisions. In *In re Annexation of Territory in Olmsted Twp.* (1984), 14 Ohio App.3d 260, 14 OBR 289, 470 N.E.2d 912, the Court of Appeals for Cuyahoga County reversed a common pleas court decision which had affirmed a county commission's denial of an annexation petition on the ground that the area to be annexed constituted approximately three percent of the township from which it was to be taken and was, therefore, unreasonably large. Appellant argues that, in the present case, the Monclova property constitutes approximately six percent of the township. This, appellant maintains, is twice the size of the *Olmsted* territory which "barely passed muster"; therefore, appellant asserts that the area is clearly unreasonably large.

Appellant also cites *In re Annexation of 1,544.61 Acres in Northampton Twp.* (1984), 14 Ohio App.3d 231, 14 OBR 259, 470 N.E.2d 486, wherein the Court of Appeals for Summit County affirmed the decision of the common pleas court which determined that an area constituting eleven percent of a township was unreasonably large. In so doing, the appellate court set forth a three-part analysis which examined (1) the character of the territory to be annexed, (2) the ability of the annexing city to provide services, and (3) the effect of annexation on the remaining township territory. Appellant contends that because the character of the *Northampton* territory (a national park) is similar to that of the Monclova territory (undeveloped farm land) that it too should be deemed unreasonably large.

However, the cases upon which appellant relies are inapposite to the case at bar. First, *Olmsted* and *Northampton* are both administrative appeals brought pursuant to R.C. Chapter 2506, rather than specific injunctive relief actions which are governed by the more stringent burden of proof requirements of R.C. 709.07. Second, although both *Olmsted* and *Northampton* discuss the area of the territory to be annexed as a percentage of the township from which it was taken, a fair reading of these cases reveals percentage of territory as only one factor to be considered in the examination of the totality of circumstances in an annexation.[2]

In this matter, the combination of the burden of proof requirements, coupled with the totality of the circumstances, defeats appellant's argument.[3] Appellant has failed to come forth with clear and convincing evidence, given the totality of the circumstances, that the area to be annexed is unreasonably large. Accordingly, appellant's third assignment of error is not well taken.

## B

Appellant relies on *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, in support of its argument that the Monclova territory to be annexed is not sufficiently contiguous to Maumee to satisfy the requirement that such land must be sufficiently adjacent to the annexing city. According to appellant,

---

**2.** As an example, it appears that the fact that the annexation in *Northampton* would sever the township into two parts appears to be a more compelling factor in that case than the physical size of the parcel.

**3.** We note that while the annexed territory constitutes nearly six percent of Monclova Township, the resulting real and personal property tax revenue loss to the township would be only seven tenths of one percent. Loss of tax base to the township is also a factor that can be considered. See *In re Annexation of 1,544.61 Acres, supra,* 14 Ohio App.3d at 233, 14 OBR at 260–262, 470 N.E.2d at 489–490. The current fiscal impact on the township of losing this property is minimal.

*McGee* stands for the proposition that contiguity involves a collected or gathered body of people having a community of interest. The territory here, appellant contends, is merely uninhabited and what few residents are present are well separated from the Maumee border. Therefore, appellant argues that this parcel is not properly contiguous.

*McGee*, too, is distinguishable. That case involves an attempt by a city to annex a strip of highway eighty feet wide and 3.8 miles long. The *McGee* court stated that the use of narrow strips of land "to meet the contiguity requirement when annexing outlying territory not otherwise connected to the annexing municipality" is frowned upon by Ohio courts. *Id.* at 287, 530 N.E.2d at 905. When such a "shoestring" connection is found, the court stated, further examination into the character of the annexation is necessary. It is then that the cohesiveness of the municipal body is examined. *Id.*

In the present matter, the common border of the territory to be annexed to the city of Maumee, far from being a "shoestring," extends a distance of approximately one-half mile. Therefore, appellant fails to show by clear and convincing evidence that this land lacked contiguity with the municipality annexing it. Accordingly the fourth assignment of error is not well taken.

### C

Appellant, in its final assignment of error, argues that annexation would not serve the general good of the territory to be annexed. Appellant, both in evidence before the commissioners and in argument before the common pleas court, enumerated several reasons why the territory proposed for annexation would be ill-served by annexation. Similarly, at the commissioners' hearing, appellees introduced evidence of numerous advantages annexation would bring to the property proposed for annexation. Furthermore, appellees presented affidavits from the vast majority of property owners in the territory who voiced their belief that annexation would serve their interests.

R.C. 709.033 invests in the board of county commissioners the responsibility for conducting annexation hearings and making the statutorily mandated findings. On appeal, a reviewing court is not free to substitute its judgment for that of the commissioners in their findings. Rather, both the common pleas court and this court are limited to an examination of whether the appellant has shown by clear and convincing evidence that the board's decision was "unreasonable or unlawful or that there was some error in the proceedings." *In re Petition to Annex 320 Acres, supra,* 64 Ohio St.3d at 591, 597 N.E.2d at 468; R.C. 709.07(B). Where the condition of the evidence adduced at the commissioners' hearing is, as here, such that it can support the commissioners' findings, we cannot deem such

508

findings unreasonable. Therefore, the common pleas court committed no error in affirming the commissioners' finding that annexation would serve the general good of the territory. Accordingly, appellant's fifth assignment of error is not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, P.J., and ABOOD, J., concur.