DECISION AND JUDGMENT ENTRY
This is an appeal and cross-appeal from a judgment of the Lucas County Court of Common Pleas which found that the decision of the Lucas County Commissioners ("commissioners") was supported by a preponderance of substantial, reliable and probative evidence and affirmed the Commissioners' decision denying appellants' petition for annexation. For the reasons stated herein, this court reverses, in part, and affirms, in part, the judgment of the trial court.
Appellant/cross-appellee sets forth the following two assignments of error:
"STATEMENT OF ASSIGNMENT OF ERRORS
"A. First Assignment of Error
 "The Trial Court committed error in affirming the decision of the Lucas County Commissioners whereby they denied annexation of property from Sylvania Township to the City of Sylvania upon the basis that it was not for the general good of the property where the record before the Trial Court demonstrates that the owners wish annexation and the City of Sylvania was able to provide adequate Governmental services to the parcel of real estate.
"B. Second Assignment of Error
 "It was error for the Trial Court to affirm the decision of the Lucas County Commissioners denying a petition for annexation upon the basis that annexation would not be for the general good of the property where the record disclosed that the municipality to which the property was to be annexed could provide water and sewer service while the Township from which it was annexed could not provide such Governmental service."
Appellee/cross-appellant Sylvania Township Board of Trustees ("trustees") sets forth the following assignment of error:
"APPELLEE/CROSS-APPELLANT'S ASSIGNMENT OF ERROR
 "A. The trial court committed error in affirming the decision of the Lucas County Commissioners wherein the Lucas County Commissioners found that the territory included in the annexation petition was not unreasonably large.
 "B. The trial court committed error in affirming the decision of the Lucas County Commissioners wherein the Lucas County Commissioners found that the real estate sought to be annexed is adjacent to the municipality, the City of Sylvania."
The following facts are relevant to this appeal. On October 14, 1997, appellants, Sylvania Church of God, Inc. and Port Lawrence Title Trust Company as Trustee, filed a notice of appeal in the Lucas County Court of Common Pleas, appealing the Commissioners' denial of appellants' request to annex a portion of Sylvania Township ("township") to the city of Sylvania ("city"). The Commissioners denied the annexation petition on September 18, 1997, following public hearings held on June 24, 1997 and September 4 and 18, 1997. In their findings of fact, the Commissioners found that the general good of the territory sought to be annexed would not be served by the granting of the annexation petition; two of the three Commissioners found that the territory sought to be annexed was not unreasonably large.
On October 22, 1997, the Trustees filed a notice of appeal. The Trustees appealed the Commissioners' decision on the grounds that the decision was in error in finding that the territory sought to be annexed was adjacent to the City as required by R.C. 709.02 and in finding that the territory sought to be annexed was not unreasonably large as required by R.C.709.33. On November 20, 1997, the Commissioners filed a motion to dismiss the notice of appeal filed by the Trustees. The Commissioners set forth two arguments for dismissal. The first argument was that the objections raised by the Trustees did not constitute the reasons for denying the annexation petition. The second argument was that R.C. 2506.01 requires that an administrative appeal be raised by an adverse party and the Trustees were an improper party to assert an appeal as they were not an adverse party because they concurred in the Commissioners' decision to deny annexation. The Trustees filed a memorandum in opposition. On February 12, 1998, the trial court denied the Commissioners' motion to dismiss and ordered that the Trustees be allowed to intervene. Briefs were submitted and on October 14, 1998, the trial court entered its judgment entry finding that the decision of the Commissioners was not illegal, arbitrary, unconstitutional, capricious or unreasonable and was supported by a preponderance of substantial, reliable and probative evidence. Appellants filed a timely notice of appeal.
An order affirming or denying a petition to annex a property may be appealed pursuant to R.C. 2506.01. In re Annexationof 118.7 Acres in Miami Twp. (1990), 52 Ohio St.3d 124. R.C. 2506.04 defines the scope of review of such an administrative order:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided by the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
In the initial appeal of an administrative order to the court of common pleas, the common pleas court must weigh the evidence in the record and may consider new or additional evidence. Dudukovichv. Housing Authority (1979), 58 Ohio St.2d 202, 206-207. The court of common pleas' decision may be appealed to an appellate court "on questions of law as provided in the Rules of Appellate Procedure." R.C. 2506.04. Under R.C. 2506.04, the scope of the appellate review is much more limited. Irvine v. UnemploymentComp. Bd. of Review (1985), 19 Ohio St.3d 15, 18. In Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court stated:
 "* * * An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. (Footnote omitted.)"
In Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 613, the Ohio Supreme Court noted the long-standing principle that annexation is to be encouraged, quoting the following from Lariccia v. Board of Commrs. (1974),38 Ohio St.2d 99, 101-102:
 "* * * [T]he enactment in 1967 of R.C. 709.03.3 substantially curtailed the discretion to be exercised by the boards of county commissioners in such proceedings. That statute establishes specific standards to be applied by the board to the evidence before it in annexation proceedings, and grants to the board the discretion to make only those factual determinations specifically called for in the statute.
"* * *
 "* * * That statute directs that the ultimate focus of annexation proceedings be on `the general good of the territory sought to be annexed,' and requires granting of the petition when it is shown that such benefit will result. * * *" (Emphasis sic.)
See, also, Middletown v. McGee (1988), 39 Ohio St.3d 284, 285.
The Court in Smith v. Granville Twp. Bd. of Trustees,81 Ohio St. 3d at 614, also noted that the choice of the property owner in annexing is a key consideration, quoting the following from Middletown v. McGee, 39 Ohio St.3d at 286:
 "* * * In enacting the statutes governing annexation, one of the intentions of the legislature was `to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located.' (Citations omitted.) * * *"
The Granville Court then stated:
 "Thus, it is apparent that the spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located. * * *" 81 Ohio St.3d at 614.
In the Granville case, the Ohio Supreme Court approved of the court of appeals' determination that tax issues were not eligible criteria for determining the "general good of the territory" test.Id. The Ohio Supreme Court also agreed with the portion of the appellate court's decision which determined that annexation would be for the good of the property given the property owner's wish to annex his property and a lack of evidence that the annexing city could not provide adequate services to the property. Id.
Therefore, under these circumstances, the Ohio Supreme Court approved the appellate court's determination that the petition for annexation must be granted. Id.
The Ohio Supreme Court also noted with approval the appellate court's use of the test of what is for the "good of the territory," not what is "best for the territory."Id.[1] The Court quoted the following from the appellate court's decision:
 "Therefore, unless it is shown that the city of Newark is unable to provide the necessary services that a city must provide, the commissioners may not use services as a justification to deny annexation. When considering a one hundred percent annexation or sole property owner annexation, such as presented in the case sub judice, it is even more important not to do a comparison of services to determine what is for the good of the territory. Thus, considering the above guidelines, as set forth by the Ohio Supreme Court, and the fact that this is a one hundred percent annexation petition, it is difficult to find any evidence that the annexation would not be for the good of the territory to be annexed." Id. at 615. (Emphasis added.)
Appellants' two assignments of error will be addressed together as the issues raised are interrelated. In both assignments of error, appellants argue that the trial court erred in affirming the decision of the Commissioners that annexation was not for the general good of the property. Based upon the above cited case law, in particular the Ohio Supreme Court case of Smithv. Granville Twp. Bd. of Trustees, 81 Ohio St.3d 608, this court finds merit in appellants' assignments of error.
Appellants presented evidence that the City was able to provide adequate governmental services to the property. In fact, the affidavit of the Lucas County Sanitary Engineer stated that, if the property was not annexed and stayed in the Township, water and sewer service could be provided if the City was "willing to modify the existing agreements for water and sewer service to allow the County to install the lines." Although the affidavit of the Lucas County Sanitary Engineer also stated that such modifications have occurred in the past, no statement was made that this modification was guaranteed. Thus, the potential exists that without annexation, the property would not have water and sewer service. Furthermore, although the Township provided an affidavit from its road superintendent that if annexation was approved, confusion and inconsistency regarding snow removal and road maintenance for the section of Alexis Road involved would result, no basis for this opinion is provided. The City, via a resolution passed on May 19, 1997, proposed to provide normal and customary services to the property.
The Township argues that in analyzing the "good of the territory" the impact on those who will inhabit or utilize the territory must be considered, citing Middletown v. McGee (1988),39 Ohio St.3d 284, 288-89. However, upon review of Middletown, it is clear that the court stated "the inhabitants or owners." Id.
The Township also argues that in analyzing the "good of the territory" the testimony of area residents to the Commissioners that annexation would be a detriment to the area should be considered. The Ohio Supreme Court addressed a similar argument in In re Annexation of 118.7 Acres in Miami Twp. (1990), 52 Ohio St.3d 124,131, and stated:
 "The appellant also argues that the board of county commissioners, in determining whether to grant the annexation, should not only consider the general good of the property to be annexed but should also consider the benefits and detriments to the other properties, and their owners, remaining within the township.
 "Under R.C. 709.03.3, the board of county commissioners is to determine whether the `general good of the territory sought to be annexed will be served.' The board is not to determine whether the annexation would be in the best interests of the political subdivision from which the territory would be detached. (Citation omitted.) Although the implications for the community to which the property would be annexed and for the property remaining after detachment may well be of some consequence, R.C. 709.03.3 directs the ultimate focus of annexation proceedings be on "`the general good of the territory sought to be annexed" and requires granting of the petition when it is shown that such benefit will result.' (Citations omitted.) * * *"
Based upon relevant case law, in particular the Ohio Supreme Court's decision in Smith v. Granville Twp. Bd. ofTrustees, 81 Ohio St.3d 608, because the City can provide adequate services to the property, this court finds that the trial court erred in affirming the Commissioners' decision that annexation was not for the general good of the property.
Accordingly, appellants' first and second assignments of error are found well-taken.
The Township asserts one two part cross-assignment of error, both parts of which this court reviews under the standard set forth supra. This court finds no merit in this cross-assignment of error.
In the first part of its cross-assignment of error, the Township argues that the trial court committed error in affirming the Commissioners' decision that the territory included in the annexation petition was not unreasonably large. In determining whether an area to be annexed is "unreasonably large," the following factors should be considered:
 "(1) the character of the territory to be annexed, (2) the ability of the annexing city to provide services, and (3) the effect of annexation on the remaining township territory." In re Annexation of 816 Acres in Monclova Twp. to Maumee (1993), 91 Ohio App.3d 500, 506.
As further stated by the court in In re Annexation of1,544.61 Acres (1984), 14 Ohio App.3d 231, 233-234:
 "* * * In determining whether that standard of review was correctly applied by the common pleas court, however, this court has a limited function, which does not involve a determination as to the weight of the evidence. Our inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support a finding that the annexation territory is not unreasonably large. If so, we must reverse the common pleas court; otherwise, the judgment of that court as to that point must be affirmed. (Citation omitted.)
 "We have reviewed in detail the testimony that was adduced at the public hearing, as well as the documentary evidence that is also part of the record in this case. Based on our review of the evidence in the record, and the inferences reasonably to be gleaned therefrom, we cannot conclude as a matter of law that a preponderance of reliable, probative and substantial evidence supports a finding that the territory is not unreasonably large. Accordingly, the ruling of the common pleas court as to that point must be affirmed."
This court finds that there was a preponderance of reliable, probative and substantial evidence to support a finding that the territory to be annexed is not unreasonably large.
Accordingly, the first part of the Township's cross-assignment of error is found not well-taken.
In the second part of the Township's cross-assignment of error, the Township argues that the trial court committed error in affirming the Commissioners' decision that the real estate sought to be annexed is adjacent to the municipality of the city of Sylvania. This court finds no merit in this part of the Township's cross-assignment of error.
The thrust of the Township's argument in this part of its assignment of error is that the area sought to be annexed is not sufficiently contiguous. This court addressed the issue of what is sufficiently contiguous in annexation in In re Annexationof 816 Acres in Monclova Twp. to Maumee,91 Ohio App.3d at 506-507, and stated:
 "Appellant relies on Middletown v. McGee (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, in support of its argument that the Monclova territory to be annexed is not sufficiently contiguous to Maumee to satisfy the requirement that such land must be sufficiently adjacent to the annexing city. According to appellant, McGee stands for the proposition that contiguity involves a collected or gathered body of people having a community of interest. The territory here, appellant contends, is merely uninhabited and what few residents are present are well separated from the Maumee border. Therefore, appellant argues that this parcel is not properly contiguous.
 "McGee, too, is distinguishable. That case involves an attempt by a city to annex a strip of highway eighty feet wide and 3.8 miles long. The McGee court stated that the use of narrow strips of land `to meet the contiguity requirement when annexing outlying territory not otherwise connected to the annexing municipality' is frowned upon by Ohio courts. Id. at 287, 530 N.E.2d at 905. When such a `shoestring' connection is found, the court stated, further examination into the character of the annexation is necessary. It is then that the cohesiveness of the municipal body is examined. Id. (Emphasis added.)
 "In the present matter, the common border of the territory to be annexed to the city of Maumee, far from being a `shoestring,' extends a distance of approximately one-half mile. Therefore, appellant fails to show by clear and convincing evidence that this land lacked contiguity with the municipality annexing it. Accordingly the fourth assignment of error is not well taken."
In the case sub judice, the common border between the City and the territory to be annexed is eight hundred thirty-seven feet, not a "shoestring." Therefore, this court need not further examine the character of the annexation.
Accordingly, the second part of the Township's cross-assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed as to appellant's assignments of error. The judgment of the Lucas County Court of Common Pleas is affirmed as to the Township's cross-assignment of error. The Township and the Commissioners are ordered to share equally the court costs of this appeal.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
RESNICK, J., KNEPPER, P.J., CONCUR.
[1] The Ohio Supreme Court disagreed, however, with the appellate court's consideration of school issues, such as overcrowding which would arise due to annexation of property, as a factor in determining whether an annexation petition should be granted because such authority is reserved for the State Board of Education. Id. at 616. The Ohio Supreme Court concluded that the court of appeals erred in considering potential school overcrowding as a factor to be considered in determining whether an annexation petition should be granted. Id. Therefore, on this issue, the Court reversed the judgment of the appellate court.