DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which affirmed the denial by appellee, Huron County Board of Commissioners, ("commissioners") of a petition for annexation filed by appellants, Ronald J. Mayle, et al. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellants set forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "I. THE TRIAL COURT ERRED IN UPHOLDING THE HURON COUNTY BOARD OF COMMISSIONERS (SIC) DECISION DENYING APPELLANTS' PETITION TO ANNEX 137.1065 ACRES OF PROPERTY FROM LYME TOWNSHIP TO THE CITY OF BELLEVUE BECAUSE: (A) WEIGHT MUST BE GIVEN TO THE PROPERTY OWNERS (SIC) REQUEST NOT THE RESIDENTS BORDERING THE PROPOSED TERRITORY; (B) THE COURT'S DECISION IS NOT SUPPORTED BY SUBSTANTIAL, RELIABLE, (SIC) AND PROBATIVE EVIDENCE TO PROVE THE PROPERTY TO BE UNREASONABLY LARGE; AND (3) (SIC) THE TRIAL COURT'S DECISION IS CONTRARY TO THE OHIO SUPREME COURT'S RULING IN Dudukovich v. Housing Authority (1979), 59 Ohio St.2d 202 and In the Matter of the Appeal of Rino Borean, et al., 1999 WL668569, Ohio App. 5 Dist. (1999)."
The following facts are relevant to this appeal.
On March 4, 1999, appellants filed a notice of appeal in the Huron County Court of Common Pleas, appealing the commissioners' denial of appellants' request to annex a portion of Lyme Township ("township") to the city of Bellevue ("city"). At issue is the proposed annexation of approximately 137.1065 acres.
Following a public hearing held on November 17, 1998, the commissioners denied the annexation petition on February 16, 1999. In their findings of fact, the commissioners found that the general good of the territory sought to be annexed would not be served by the granting of the annexation petition and that the territory sought to be annexed was unreasonably large in that the peninsula shape of the territory and the proposed annexation's creation of an island was unreasonable, illogical and arbitrary.
On May 20, 1999, the trial court granted a motion to intervene filed by owners of real property adjacent to the property sought to be annexed. Briefs were submitted and on July 2, 1999, the trial court entered its journal entry finding that the decision of the commissioners that the general good of the territory sought to be annexed would not be served by the granting of the annexation petition was not supported by a preponderance of reliable, probative and substantial evidence. However, the trial court also found that the commissioners' decision that the proposed area to be annexed is unreasonably large was supported by a preponderance of reliable, probative and substantial evidence. Appellants filed a timely notice of appeal.
An order affirming or denying a petition to annex a property may be appealed pursuant to R.C. 2506.01. In reAnnexation of 118.7 Acres in Miami Twp. (1990), 52 Ohio St.3d 124. R.C. 2506.04 defines the scope of review of such an administrative order:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided by the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
In the initial appeal of an administrative order to the court of common pleas, the common pleas court must weigh the evidence in the record and may consider new or additional evidence. Dudukovichv. Housing Authority (1979), 58 Ohio St.2d 202, 206-207. The court of common pleas' decision may be appealed to an appellate court "on questions of law as provided in the Rules of Appellate Procedure." R.C. 2506.04. Under R.C. 2506.04, the scope of the appellate review is much more limited. Irvine v. UnemploymentComp. Bd. of Review (1985), 19 Ohio St.3d 15, 18. In Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court stated:
 "* * * An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. (Footnote omitted.)"
In Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 613, the Ohio Supreme Court noted the long-standing principle that annexation is to be encouraged, quoting the following from Lariccia v. Board of Commrs. (1974),38 Ohio St.2d 99, 101-102:
 "* * * [T]he enactment in 1967 of R.C. 709.033
substantially curtailed the discretion to be exercised by the boards of county commissioners in such proceedings. That statute establishes specific standards to be applied by the board to the evidence before it in annexation proceedings, and grants to the board the discretion to make only those factual determinations specifically called for in the statute.
"* * *
 "* * * That statute directs that the ultimate focus of annexation proceedings be on `the general good of the territory sought to be annexed,' and requires granting of the petition when it is shown that such benefit will result. * * *" (Emphasis sic.)
See, also, Middletown v. McGee (1988), 39 Ohio St.3d 284, 285.
The Court in Smith v. Granville Twp. Bd. of Trustees,81 Ohio St.3d at 614, also noted that the choice of the property owner in annexing is a key consideration, quoting the following from Middletown v. McGee, 39 Ohio St.3d at 286:
 "* * * In enacting the statutes governing annexation, one of the intentions of the legislature was `to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located.' (Citations omitted.) * * *"
The Granville Court then stated:
 "Thus, it is apparent that the spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located. * * *" 81 Ohio St.3d at 614.
In their assignment of error, appellants argue that the trial court committed error in affirming the commissioners' decision that the territory included in the annexation petition was unreasonably large. Appellants set forth three arguments in support of their assignment of error. In their first argument, appellants assert that the trial court erred because it gave weight to the opposition of the residents whose property bordered the property sought to be annexed. This court finds no merit in this argument.
In support of their argument, appellants selectively quote a portion of the trial court's decision. However, when the decision is read in its entirety, it is clear that the trial court was discussing the blatant gerrymandering of the boundaries of the property sought to be annexed in order to have a resulting majority in favor of the annexation included in the property sought to be annexed.[1] Therefore, this court finds no merit in appellants' first argument.
In their second argument, appellants assert that the trial court erred because the property sought to be annexed is not unreasonably large. This court finds no merit in this argument.
In determining whether an area to be annexed is "unreasonably large," the following factors should be considered:
 "(1) the character of the territory to be annexed, (2) the ability of the annexing city to provide services, and (3) the effect of annexation on the remaining township territory." In re Annexation of 816 Acres in Monclova Twp. to Maumee (1993), 91 Ohio App.3d 500, 506.
As further stated by the court in In re Annexation of1,544.61 Acres (1984), 14 Ohio App.3d 231, 233-234:
 "* * * In determining whether that standard of review was correctly applied by the common pleas court, however, this court has a limited function, which does not involve a determination as to the weight of the evidence. Our inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support a finding that the annexation territory is not unreasonably large. If so, we must reverse the common pleas court; otherwise, the judgment of that court as to that point must be affirmed. (Citation omitted.)
 "We have reviewed in detail the testimony that was adduced at the public hearing, as well as the documentary evidence that is also part of the record in this case. Based on our review of the evidence in the record, and the inferences reasonably to be gleaned therefrom, we cannot conclude as a matter of law that a preponderance of reliable, probative and substantial evidence supports a finding that the territory is not unreason ably large. Accordingly, the ruling of the common pleas court as to that point must be affirmed."
This court finds that there was a preponderance of reliable, probative and substantial evidence to support a finding that the territory to be annexed is unreasonably large. See, footnote 1. Therefore, this court finds no merit in appellants' second argument.
In their third argument, appellants assert that the trial court erred because the denial of the annexation petition is not supported by the preponderance of substantial, reliable and probative evidence. This court finds no merit in this argument.
This court has thoroughly reviewed the record in this case and concludes that the trial court's decision is supported by a preponderance of reliable, probative and substantial evidence.
Accordingly, appellants' assignment of error is found not well-taken.
On consideration whereof, the court affirms the judgment of the Huron County Court of Common Pleas. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ PETER M. HANDWORK, J.
MELVIN L. RESNICK, J., JAMES R. SHERCK, J., CONCUR.
[1] The following is a more complete quotation from the trial court's decision in which the trial court described the proposed annexation as:
 "* * * an irregularly shaped hourglass peninsula with numerous peninsular indentations of township property along its boundaries and an island of township property in the narrow middle connecting the two larger parcels. As one would drive down U.S. Route 20 and State Route 113, the roads that are on the perimeter of the proposed territory, one would be passing from township to city to township. As one would drive down a short stretch of Prairie Road that divides the two larger parcels, in a distance of 1163 feet a north bound driver would pass through seven boundary changes while a southbound driver would pass through two boundary changes. In some places one resident would live in the town ship, his next door neighbor and his neighbor across the street would live in the city and their next door neighbors in the township. Any concept of municipal unity or a community of interest because the people living there are residents of the same place would be destroyed. What Appellants describe as a concession to residents who do not wish to be included in the city is nothing more than blatant gerrymandering of boundaries to defeat the legislative purpose of giving the majority of residents in the area to be annexed a voice in the annexation determination. It was not lost on the commissioners, as it is not lost on this Court, that the residents whose properties border the pro posed territory and whose properties should logically be included within a proposed annexation petition have been deliberately left out in order to maintain the bare majority in favor of annexation. They were the residents who were most vocal in their opposition to the petition. The Court is cognizant of the rule that a peninsular shape, an irregular boundary or an island of township property within the proposed annexed property is not alone a sufficient basis for commissioners to deny a petition for annexation. But in this case the shape and character of the property to be annexed, with its irregular boundaries and the island of township property in the narrow isthmus connecting the two larger parcels, taken as a whole in light of the opposition of the adjoining property owners, whose property should have logically been included within the territory of the petition, is, as the commissioners found, unreasonable, illogical and arbitrary. * * *"